Staples J.
It is objected that the verdict in this case does not specify the estate found in the plaintiff, whether it be in fee, or for life, or for a term of years. The declaration claims an estate in fee, and the plea is not guilty, as in the declaration alleged. The verdict responds to the issue as follows: “We, the jury, upon the issue joined, find that the defendant is guilty in manner and form as the plaintiff in his declaration has complained.” It will be perceived that the verdict does not expressly find an estate in fee in the plaintiff; but it is very clear that the jury intended so to do, and in fact they have substantially found such an estate in him. *518 declaration avers that the plaintiff was possessed of an estate in fee; that the defendant entered upon this- and unlawfully withholds the possession from the rpj1(J ¿[efeildant’s plea put the plaintiff upon Pr00f'°f every material allegation in the declaration, and the verdict necessarily responds to every material, avei’ment put in issue by the pleadings, which may be said to include the estate of the plaintiff, the entry and unlawful withholding of the possession by the defendant. The jury, by a general verdict of guilty in manner and form as in the declaration alleged, may and do find all the matters thus included in the issue. "When a less or different estate from that stated in the declaration is ascertained to be in the plaintiff, it is very important that the verdict should, in express words, express what the estate is. "When, howmver, the plaintiff' properly sets forth his estate or interest in his declaration, as for example an estate in fee, I can see no reason why the verdict may not refer to the declaration for the description of the estate. This may be done by a finding for the plaintiff the premises as claimed in the declaration, or indeed by a verdict of guilty upon the issue joined in manner and form as in the declaration alleged.
It must be admitted a finding of that sort is not a literal compliance with the statute, and it is only by a somewhat strained construction of its language that this verdict can be sustained at all. This the court feels warranted in adopting purely from a strong conviction that it is absolutely necessary in the interests of justice. This is the second suit for a small tract of land — trust property to which the plaintiff has an unquestionable title. The defendant does not pretend to have any claim to it, legal or equitable. The first suit failed for the want of a preliminary notice, wdiich the plaintiff ought to have given. And now the second is very near sharing the. *519 same fate, because the jury were not instructed as to the form of their verdict, although it is presented by the statute, and is of the simplest character. This court, although unwilling to visit upon the plaintiff the consequences of a mere mistake in form, in no way affecting the merits of the case, deems it proper to express its disapproval of the loose and unjustifiable practice pursued in the conduct of the cause.
The third and fourth grounds of error are equally untenable. A judgment that the plaintiff’ recover the lands and tenements in the declaration mentioned amounts to the same thing as a judgment that he recover the possession of the premises. In either case the judgment is followed by a delivery of the possession. If the verdict ascertained an estate in fee in the plaintiff, a general, unqualified judgment for the plaintiff is in effect a recovery of the fee simple estate, and is therefore according to the verdict. If, however, there is any irregularity in the form of the judgment or in the manner of entering if, it is not to the prejudice of the defendant, and the defect might be cured by an amendment and affirmance. Ho such amendment is, however, necessary.
The last objection is, that the description of the land in the declaration is too vague and uncertain to render judgment upon it, and the description is not aided by the verdict.
The statute merely requires that the premises shall be described with convenient certainty, so that from such description possession may be delivered. The description here is plainly sufficient for that- purpose. It points out the locality of the tract by reference to the lands of coterminous owners and the public highways passing it; a form of description equally satisfactory aucl certain as a statement of the metes and bounds ordinarily contained in deeds of conveyance.
*520 For these reasons I am of opinion there is no error in the judgment of the Circuit court, and the same should therefore be affirmed.
Moncure, P., and Anderson and Bouldin, Js., concurred in the opinion of Staples, J.
Christian, J., dissented, on the ground that the verdict was too vague.
Judgment affirmed.