# WHEELING.

## MYERS *v.* FORD.

### July 17, 1876.

1876.
June Term.

1. In an action of ejectment, the declaration contains three counts: the *first* count in the name of J. M. and J. C. M., the *second* count in the name of J. M., and the *third* count in the name of J. C. M. The plea filed, is, not guilty, on which issue is joined. The jury find for J. C. M., "under the *third* count in the declaration, the following land in fee simple," and described the land so found, by reference to the plat of the surveyor filed in the cause. This finding of the jury is to be taken as a finding for J. C. M., of part of the land in the declaration demanded, and that his estate therein, was an estate in fee simple, and the verdict giving metes and bounds, by reference to said plat, is sufficiently specific.

2. The failure of the jury to find upon the *first* and *second* counts, is no sufficient cause to set aside the verdict found as to the *third* count.

3. If J. M., in such case, after the verdict in favor of J. C. M., upon the *third* count, with leave of the court, dismisses the cause as to him, and the court renders judgment against him in favor of the defendant, the defendant is not thereby entitled to have the verdict, and judgment in favor of J. C. M. on the *third* count, set aside.

*Supersedeas* to a judgment of the circuit court of Harrison county, rendered July 23, 1874, in a cause therein pending, wherein Jacob Myers and John C. Myers were plaintiffs, and Eugenius Ford, defendant.

The *supersedeas* was granted on the petition of Ford.

The material facts will be found stated in the opinion of the Court.

The Hon. Charles S. Lewis, judge of said court, presided at the trial below.

*Nathan Goff, Jr.*, for the appellant.

*Edwin Maxwell*, for the appellees.

HAYMOND, PRESIDENT:

This is an action of ejectment. The declaration contains three counts. The *first* is in the names of Jacob Myers, and John C. Myers; the *second* in the name of Jacob Myers, and the *third* in the name of John C. Myers. Each count demands the same land, being seven and a half acres, and contains a description of the land by metes and bounds. The declaration and notice were executed on the defendant, August 1, 1872. At the October term, 1872, the defendant appeared in court and plead not guilty, and issue was thereon joined. At May term, 1873, a jury was empanneled, but failed to agree. At May term, 1874, another jury was duly empanneled and sworn, and found the following verdict in the cause, viz: "We, the jury find for the plaintiff, John C. Myers, under the *third* count in the declaration, the following land in fee simple, to-wit: Beginning at a point on the plat returned in this cause, near the letter E., at the place where the new fence intersects the line or place where the old fence stood, thence with the line of the new fence, S. $72\frac{1}{2}$ E. to the end of the new fence, at a point 17 poles short of letter F, thence by the nearest distance to the line of the old fence, as laid down on the said plat, and thence with the line of the old fence, as designated on the plat, to the place of beginning. We further find that the defendant, Ford, was in possession of the land found for the plaintiff, John C. Myers, at the time this suit was commenced, claiming title thereto. We further find one cent damages for the retention of the possession of said land from the plaintiff, John C. Myers."

At the October term, 1872, an order of survey was
24

made in the cause, which order directs the surveyor of the county, or one of his deputies, after giving the parties reasonable notice, to survey and lay off the land in controversy.

After the verdict was rendered by the jury, the defendant moved the court to set aside the verdict and grant a new trial, and also moved the court in arrest of judgment on said verdict, because it does not appear from the verdict, that the land found for plaintiff, John C. Myers, is any part of the land described in the declaration, or either count thereof, and because the land found for the plaintiff, John C. Myers, by said verdict, is not described with such certainty of description as will authorize the court in rendering judgment on said verdict, or enable the court to ascertain what land has been found for the plaintiff, in order to put said plaintiff in possession of the same; and because there are two plaintiffs in this action, Jacob and John C. Myers, and said verdict finds for the plaintiff, John C. Myers, under the *third* count in the declaration, and fails to find either for the said plaintiff, Jacob Myers, against said defendant, for the land, or any part thereof, described in the declaration, or for the said defendant, against said plaintiff, Jacob Myers; and because said verdict does not specify the estate found in the plaintiff, John C. Myers, in the land so found for him.

Afterwards, on the twenty-third day of July, 1874, the cause, as to Jacob Myers, was, on his motion, dismissed, as to him, and the court then overruled the motions made for a new trial, and in arrest of judgment, and rendered judgment upon the verdict in favor of the plaintiff, John C. Myers, for "the possession of so much of the land in the *third* count of the declaration mentioned," as found by the jury giving the boundaries as stated in the verdict, and on motion of plaintiff, John C. Myers, directed that a writ of possession issue, to be executed and returned as the law directs. The court also rendered judgment in favor of the defendant against

Jacob Myers, for his costs incurred by reason of said Jacob Myers being made a party plaintiff in the cause.

To this judgment the defendant, Ford, has obtained a *supersedeas,* and assigns the following as errors in the judgment of the circuit court, viz:

"*First.* It was error to overrule the motion for a new trial, because said verdict was so fatally defective that no judgment could have been properly entered thereon.

*Second.* It was error to overrule the motion in arrest of judgment, because the verdict does not show that the land found for the plaintiff, John C. Myers, is any part of the land described in the declaration, or either count thereof. This was absolutely necessary.

*Third.* And, because the land, found for the plaintiff, John C. Myers, by said verdict, was not described with such certainty and particularity, as to authorize the court in rendering judgment on said verdict, and enable the court to ascertain what land had been found for said plaintiff, in order to put the plaintiff in possession of the same.

*Fourth.* And, because, the verdict failed to find either for the plaintiff, Jacob Myers, against the defendant, for the land, or any part thereof, described in the declaration, or for the defendant, against said plaintiff, Jacob Myers. This was required by statute, and the reason of the requirement is obvious.

*Fifth.* And, because, said verdict failed to specify the estate found in the plaintiff, John C. Myers, in the land so found for him, as required by section twenty-seven, chapter ninety, Code West Virginia."

As a matter of convenience, I propose to consider the *fifth* error assigned, first. The jury, in their verdict, find for the plaintiff, John C. Myers, under the *third* count in the declaration, the following land, in fee simple, to wit, etc. It is manifest that the jury found for the plaintiff, John C. Myers, the land described in their verdict, and that he was the owner, in fee simple, thereof. Perhaps the verdict might have been more formal, but still, it is substan-

tially sufficient. And, I may add, to conclude this branch of the case, that, even though the verdict in form, is not in strict conformity with the requirements of the statute, it is substantially so. It is manifest that the jury found, for the plaintiff, John C. Myers, the land, in their verdict described, and that, his estate therein was an estate in fee simple, and that it was, and is, part of the land described and demanded in the *third* count of the declaration. I think there can be no doubt, upon authority, that, the description of the land, as found by the jury, in their verdict, is sufficient. *See Paul v. Smiley*, 4 Munf., 468; *Hawly v. Twyman*, 24 Gratt., 516.

The question presented, by the *fourth* assignment of error, is substantially decided by this Court, in the case of *Strader v. Goff*, 6 W. V., 257. See, also, *Ochiltree v. McClung*, 7 W. V., 232.

John C. Myers was plaintiff in the *third* count, and he was entitled to a verdict from the jury, upon the issue, if he established his right to the possession of the land in that count mentioned, or any part thereof, as against the defendant, although the jury might not be able to agree, as to some other matters involved in the issue, on other counts in the declaration. After the verdict, and before judgment thereon, the plaintiff, Jacob Myers, dismissed the suit, as to him, and the court rendered judgment against him, for the defendant's costs. This is, substantially, the judgment the court would have rendered against Jacob Myers, if the jury had, in terms, found for the defendant, and against Jacob Myers, so far as costs are concerned, or, if Jacob Myers had suffered a non suit. If the jury had found a verdict against Jacob Myers, the legal effect of the verdict and judgment of the court, thereon, might have been, simply, that Jacob Myers, at the institution of the suit, was not entitled to the possession of the land, or any part, thereof. This might depend on what the verdict and judgment stated or showed. It often happens, in ejectment, that the

1876.
June Term.

Myers
v.
Ford.

plaintiff establishes his title to the land, but fails to show his right of possession, at the institution of suit. As, for instance, when a landlord sues his tenant, in ejectment, to recover possession of the land rented, it not unfrequently happens, that the landlord establishes his legal title to the premises, clearly, but, for the want of sufficient, or proper, notice to the tenant to leave the premises before suit brought, he is not entitled to recover possession of the land—not because his title to the land is not good—but, because he is not entitled to the possession, at the commencement of suit. In such case,.a verdict, and judgment, for the defendant, may establish nothing, more than that the landlord, or plaintiff, was not entitled to the possession of the premises, against the defendant, at the institution of the suit; but, as before stated, this may depend on what the verdict, and judgment, show. It seems to me, that, as the suit was dismissed, as to Jacob Myers, and the defendant recovered judgment against him for costs, that, it cannot be maintained, that the defendant can complain of the jury failing to find a verdict in his favor, against Jacob Myers.

There is no substantial error, in the judgment of the circuit court, in this cause, and, for the reasons, above stated, it must be affirmed, with $30 damages, and costs.

Moore and Green, Judges, concurred.

JUDGMENT AFFIRMED.