# Richmond.

MESSICK ET AL. V. THOMAS.

MAY 10th, 1888.

Absent, Richardson, J.

1. EJECTMENT—*Declaration— Verdict.*—Where, under Code 1873, ch. 131, declaration avers that plaintiff was possessed of an estate in fee, and defendant entered upon this estate and unlawfully withholds possession thereof from plaintiff, and defendant pleads "not guilty," verdict is: "We, the jury, find for the plaintiff that he is entitled in fee to the whole of the premises in his declaration described, and that all the ·defendants were in possession of a part thereof, or claimed title to such part at the commencement of this suit:" *held*, The verdict responds to the issue. *Hanley* v. *Twyman*, 24 Gratt., 516.

2. IDEM— *Verdict— Uncertainty.*—When the premises are described in declaration with "convenient certainty," and verdict is that plaintiff is entitled in fee to "the whole of the premises in the declaration described," such verdict is not defective for uncertainty.

3. IDEM—*Possession of part— Verdict for all.*—When defendant at trial proves that he is in possession of and claiming title to only a part, verdict and judgment for plaintiff for the whole land claimed in declaration, is not erroneous, or at least, not one whereby defendant is injured. *Carrington* v. *Goddin*, 13 Gratt., 587.

Error to judgment of circuit court of York county, rendered November 9th, 1886, in an action of ejectment wherein Wise Thomas was plaintiff, and William Hunt was defendant. Subsequently A. M. Messick, widow of Wm. Lawson, John R. Lawson, W. A. Lawson, Thomas J. Rowe, and Elizabeth A., his wife, were admitted as defendants. The object of the action was to recover a parcel of land described in the declara-

tion as " situate in the district of Poquosin in York county, containing two acres, more or less, bounded on the north by a line drawn through the centre of a dyke dividing the same from the land of Wm. Lawson, deceased, and on the east, south, and west by the other land of the plaintiff, whereof he was possessed in fee simple. The verdict was for the plaintiff. Defendants moved in arrest of judgment for error apparent on the face of the verdict. The court overruled the motion. The defendants excepted, and the defendants brought the case here upon writ of error and *supersedeas.* Opinion sets forth the verdict.

*Thomas Tabb* and *M. P. Hughes*, for the plaintiffs in error.

*J. F. Hubbard*, for the defendants in error.

LEWIS, P., delivered the opinion of the court.

This was an action of ejectment. The declaration alleges that the plaintiff was possessed in fee simple of the premises in controversy, which are described as " containing two acres of land more or less, in the district of Poquosin, in the said county, bounded on the north by a line drawn through the centre of a dyke dividing the same from the land of the late William Lawson, and on the east, south, and west by the other land of the plaintiff." The declaration also alleges that the defendants unlawfully withhold possession of the premises from the plaintiff.

The defendants pleaded the general issue, not guilty, and the jury having been sworn " to try the issue joined," returned a verdict in these words : " We, the jury, find for the plaintiff that he is entitled in fee to the whole of the premises in his declaration mentioned and described, and that all of the defendants were in possession of a part thereof, or claimed title to such part, at the commencement of this suit."

The defendants, thereupon, moved in arrest of judgment, but the court overruled the motion and entered judgment that the plaintiff recover against the defendants possession of the premises in the declaration mentioned and described, and also his costs, etc.

The assignments of error here relate to the sufficiency of the verdict. It is contended, first, that the verdict is defective, because not responsive to the issue joined, inasmuch as it does not find that the defendants, or either or any of them, were guilty in manner and form, as in the declaration charged, of unlawfully withholding possession of the premises described in the declaration. The second objection is, that the verdict is defective for uncertainty, and is not responsive to the requirements of the statute in not setting forth the boundaries of the land, or referring to any plat, so as to enable the officer to deliver possession of the land recovered, etc. It is also contended, thirdly, that the verdict does not show with sufficient certainty that the defendants were in possession of any part of the premises described in the declaration at the commencement of the action, or whether they simply claim title, or if in possession of a part, of what part, or to what part they claimed title.

1. We are of opinion that none of these objections are well taken. The statute provides that "the defendant shall plead the general issue only, which shall be that the defendant is not guilty of unlawfully withholding the premises claimed by the plaintiff in the declaration." Upon this issue, namely, whether the defendants were guilty of unlawfully withholding possession of the premises in controversy, the parties went to trial, and the verdict for the plaintiffs is in effect a finding that the defendants unlawfully withheld possession of the premises from the plaintiff, as alleged in the declaration.

In *Hawley* v. *Twyman*, 24 Gratt., 516, the jury found, in general terms, that the defendant was guilty in manner and form as the plaintiff in his declaration complained; and it was

objected that the verdict was defective in failing to specify the estate of the plaintiff. The declaration claimed an estate in fee, and the plea was not guilty. Judge Staples, speaking for the court, said: "It will be perceived that the verdict does not expressly find an estate in fee in the plaintiff; but it is very clear that the jury intended so to do, and in fact they have substantially found such an estate in him. The declaration avers that the plaintiff was possessed of an estate in fee; that the defendant entered upon this estate and unlawfully withholds the possession from the plaintiff. The defendant's plea put the plaintiff upon proof of every material allegation in the declaration, and the verdict necessarily responds to every material averment in the pleadings, which may be said to include the estate of the plaintiff, the entry and unlawful withholding of the possession by the defendant. The jury, by a general verdict of guilty in manner and form as in the declaration alleged, may and do find all the matters thus included in the issue."

2. As to the description of the premises, the verdict finds that the plaintiff is entitled in fee to "the whole of the premises in the declaration described," and is therefore in conformity with the statute, which provides that, "when the right of the plaintiff is proved to *all* the premises claimed, the verdict shall be for the premises generally as specified in the declaration." The statute also provides that "the premises claimed shall be described in the declaration with convenient certainty, so that, from such description, possession thereof may be delivered." In this case there was no demurrer to the declaration, nor is it demurrable for uncertainty, as we think it describes the premises claimed with "convenient certainty."

3. It is equally clear that the remaining objection is without merit, since the jury have found that the plaintiff is entitled to recover "*all* the premises claimed." *Carrington* v. *Goddin*, 13 Gratt., 587. The judgment is affirmed.

JUDGMENT AFFIRMED.