## COUCH *v*. HARRISON.

## Opinion delivered February 2, 1901.

1. ARBITRATION—PROOF OF AWARD.—It is not necessary, in a suit to enforce an award in arbitration, that the evidence show that the parties agreed in so many words to submit the matter in controversy to arbitration and to abide by the award, but such an agreement may be inferred from the acts and conduct of the parties.   (Page 582.)

2. SAME—RIGHT OF PARTY TO BE PRESENT.—While a party to an arbitration is entitled to be present at the hearing, he may stay away after receiving notice of a meeting of the arbitrators, without vitiating the award.   (Page 583.)

3. VERDICT—SUFFICIENCY.—Where an award fixed the amount of defendant's indebtedness to plaintiff, a general verdict for plaintiff in a suit to enforce the award, without naming the amount to be recovered, is sufficiently certain.   (Page 584.)

Appeal from Saline Circuit Court.

ALEXANDER M. DUFFIE, Judge.

### STATEMENT BY THE COURT.

The appellant and the appellee agreed to submit to arbitration matters of difference between them that grew out of a contract between them for the making of staves. It is not shown that the agreement for arbitration was in writing, nor are the particular terms upon which the arbitration was to be made set out or shown, except that the matter to be arbitrated was the settlement of a disputed account between them. The complaint alleges that the plaintiff in this suit and the defendant selected as arbitrators A. R. Tomlinson and Fred W. Bush, "to arbitrate and make final award" in the matter submitted to them to determine, both plaintiff and defendant agreeing each with the other to stand to, abide by and perform the award of said arbitrators. On the 31st of January, 1898, the same day of the agreement, the arbitrators met in the forenoon, and endeavored to reach an agreement, but could not, and so announced to the parties, and adjourned. Upon the suggestion

of the appellee, Harrison, the arbitrators met in the afternoon, and reached an agreement, and made an award between the parties, awarding to Harrison, the appellee, $247.88 and 6000 staves.

Upon this award Harrison sued the appellant, Couch, and demanded judgment for the $247.88, but made no demand in his complaint for the staves, or the value of them. The appellant answered the complaint, denied indebtedness, denied the submission to arbitration, and denied there was any arbitration or any award, and set up a counterclaim, to which a demurrer was sustained, to which he excepted.

A trial was had before a jury, and the following general verdict was rendered by the jury: "We, the jury, find for the plaintiff." The verdict, it will be observed, does not specify the amount for which they found. Upon this verdict the court gave judgment in favor of the plaintiff for $247.88 and for 6000 staves. The appellant, having saved his exceptions, filed a motion for a new trial, which being overruled he excepted and appealed to this court.

*Murphy & Mehaffey*, for appellant.

It was error for the court to render judgment on a verdict which did not fix the amount of the recovery. 5 Ark. 373; 29 Ark. 597. The award was void because appellant was not present at the hearing. 10 Ark, 657; 1 Am. & Eng. Enc. Law, 685; 82 Ala. 568; 27 Md. 401; 126 Ill. 250. Either party could revoke the submission at any time before award made. 40 Atl. 661; 32 L. R. A. 740. A departure from the strict rules of dealing equally with both parties will be fatal to the award. 90 Ga. 669; 3 Iowa, 66; 112 N. Car. 845.

*J. J. Beavers* and *J. H. Carmichael*, for appellee.

The jury found that the parties agreed and did submit to arbitration, and that the arbitrators found a specific amount due appellee. Hence there is no uncertainty in the verdict. The balance found by the arbitrators was equivalent to a balance struck by the parties on an account stated. 1 Am. & Eng. Enc. Law, 674. There was no error in the court's charge on this point. *Id.* p. 656. The verdict is sustained by sufficient

evidence. 1 Crawf. Dig. p. 146; 13 Ark. 317; 25 Ark. 474; 31 Ark. 163; 24 Ark. 384; 11 Ark. 630; 57 Ark. 459. Appellant is estopped by acquiescence to complain of the resubmission. Laws. Cont. 8, 9; 10 Pick. 275.

HUGHES, J., (after stating the facts.) The appellant in his motion for a new trial says that the court erred in its written instruction to the jury of its own motion. That instruction is as follows: "If you find from the evidence in this case that the plaintiff and defendant mutually agreed to submit a matter in controversy between them to arbitrators, and to abide by their award, and that said arbitrators did meet under said agreement and render an award, you should find for the plaintiff. You are further instructed that if you find from the evidence that after said arbitrators had the matter under investigation they adjourned, and notified the parties that they could not agree and had adjourned, then your verdict should be for the defendant, unless you further find from the evidence in the case that the parties afterwards agreed to submit to and abide by any award they might render. You are further instructed that it is not necessary that the evidence show that the parties plaintiff and defendant actually agreed in so many words to submit the matter in controversy to and abide by the award, but such agreement may be inferred by you from the acts and conduct of the parties plaintiff and defendant, and all the facts and circumstances introduced as evidence must show that both parties agreed to submit the matter and to abide by the award; for, if one of the parties agreed, and the other did not, the verdict should be for the defendant. You are further instructed that the plaintiff is required to make out his case by a preponderance of the evidence." We do not think there was any error in this instruction, and there was evidence upon which it seems to have been based. It was a question of fact whether there was a submission to arbitration by the parties; and whether there was an arbitration and an award, were questions of fact which were submitted to and determined by the jury, and there is evidence upon which their verdict was doubtless based.

The appellant complains of the first instruction given for

the appellee, which reads as follows: "If the parties agreed to submit and did submit a dispute to arbitration, and an award was made, the law will imply that there is an agreement to abide by such award." If this is not the law, it would be a farce to agree to arbitrate a matter. In this case there was an express agreement to abide by and perform the award alleged in the complaint, and it seems to be borne out by the facts and circumstances, though denied in the answer.

The defendant asked the court to declare in his second in-struction "that the arbitrators must hear the parties in each other's presence," which was refused, and defendant (appellee) complains at this. If the parties demand this, it is their right, and it would be error to refuse it; but there are few rights a party may not waive, and if he is notified, and has the oppor-tunity to be present, it is his own fault if he is absent, and he cannot take advantage of it. The testimony here tends to show that appellant was voluntarily absent when the arbitra-tors acted in the evening. The evidence tends to show that he was consulted from time to time, while the arbitration was going on, and made no objection. "It has been held that a party after receiving notice may stay away, without vitiating the award." 2 Am. & Eng. Enc. Law, (2d Ed.), 655n.; *Whitlock* v. *Ledford*, 82 Ky. 391.

The third instruction asked by the appellant and refused by the court is as follows: "When arbitrators have once acted, either by making an award, or declining to do so, their power ceases, and they have no power to re-investigate the matter, unless requested by both parties to do so." It seems, under the circumstances of this case, that this instruction would have led the jury to understand that there could be no resubmission of the case except by express agreement of the parties in so many words. Besides, the court had instructed upon this phase of the case in the written instruction given of its own motion. The fourth instruction asked by defendant was that the court take the case from the jury. There was no error in refusing these instructions.

There is no reversible error in the court's declarations of law. The other matters in the case are questions of fact,

which were submitted to and decided by the jury, and we cannot say that the evidence does not support their finding.

But objection is urged to the verdict and the judgment because the verdict is general, and does not specify the amount of the jury's finding, and the judgment is for $247.38 and 6000 staves, whereas the complaint did not demand any judgment for the staves, but only for the $247.88. It seems the plaintiff had the staves in his possession, and, as no demand was made for them or their value, no judgment should have been given for them, and the judgment of the court is so modified as not to include them. As to rendering judgment for $247.88 when the verdict did not specify the amount of the jury's finding, we think there is no reversible error in this case. As a rule, the verdict should be for a certain amount named in it. But this was a suit to enforce an award of arbitrators, whose award was in favor of the appellee here for $247.88. There was no uncertainty, therefore, in the general verdict. It was easy, as shown by the record, to ascertain the amount of the verdict. "The maxim, *Id certum est quod certum reddi potest*, is readily applicable to verdicts." 28 Am. & Eng. Enc. Law, (1st Ed.), 300, and cases cited.

The judgment is affirmed.

BATTLE, J., did not participate.