REESE v. CANNON.

Opinion delivered November 26, 1906.

1. COSTS—ELECTION CONTEST.—It seems improper to refuse to allow costs of taking depositions in an election contest with regard to the validity of the election in a certain township on the ground that the validity of the election therein was established before these depositions were taken, if such validity was not conceded until after the depositions were taken. (Page 575.)

2. SAME—STENOGRAPHER'S NOTES.—There is no provision in the statute for costs of copying the court stenographer's notes. (Page 575.)

Appeal from Howard Circuit Court; *James S. Steel,* Judge; reversed.

*W. C. Rodgers, Feazel & Bishop* and *D. B. Sain,* for appellants.

1. The lower court having made a special finding of fact and law, and embodied the same in the judgment, a bill of exceptions is not necessary to bring the issues before this court. 26 Ark. 536; *Id.* 662; 27 Ark. 464; 34 Ark. 684; 39 Ark. 258; 43 Ark. 398; 46 Ark. 17; 61 Ark. 33; 65 Ark. 278; 66 Ark. 180.

2. Where the special findings made by the court are inconsistent with the conclusion reached thereon, the judgment will be reversed and remanded with directions to enter a correct judgment. 40 Ark. 298; 46 Ark. 172; 50 Ark. 85; 73 Ark. 428.

3.  The court erred in refusing to allow cost of witnesses whose depositions were taken after the validity of the election in Buck Range Township had been made to appear. Counsel for contestants were present and cross-examined all these witnesses, and never indicated that they would concede the validity of the election.

4.  The stenographer, by consent, acted as a notary in taking the testimony, except as to swearing the witnesses, and irregularities and informalities were waived. An allowance should have been made for copying the stenographer's notes.

*W. D. Lee,* for appellees.

RIDDICK, J. The only question in this case is a question of costs in a contest of an election for the removal of a county seat. After the decision of the case a motion was made to retax costs of the contest of the election in Buck Range Township, and the court retaxed the costs, and refused to allow contestee's costs of witnesses in that township on the ground that the validity of the election had been fully established before the depositions of these witnesses were taken. He also refused to allow costs of copying stenographer's short-hand notes. As the validity of the election of that township was challenged by the contestants, and as its regularity was not conceded until after these depositions were taken, we think the contestees had the right to take these depositions, and are entitled to their costs. There is no provision in the statute for costs of copying stenographer's notes, and that item of costs, amounting to thirty dollars, was properly disallowed.

Judgment reversed and cause remanded with an order to enter judgment accordingly.