## RUSSELL *v.* WEBB.

### Opinion delivered July 11, 1910.

1. VERDICT—SUFFICIENCY.—While a verdict should be definite and certain, absolute precision in its wording is not necessary; and if the meaning of the jury can be clearly collected from the verdict, it ought not to be set aside. (Page 193.)

2. EJECTMENT—SUFFICIENCY OF VERDICT.—A verdict in ejectment awarding land to the plaintiff sufficiently describes the land if the description is reasonably certain or can be made reasonably certain so that the land can be identified. (Page 194.)

3. SAME—SUFFICIENCY OF VERDICT.—Where a surveyor surveyed the dividing line between two adjacent proprietors, and placed marks upon the ground which located this line, a verdict which awards to the plaintiff in an ejectment suit the land on the east side of the surveyor's line is sufficiently definite. (Page 194.)

4. EVIDENCE—ADMISSIONS AGAINST INTEREST—Declarations and admissions of one in possession of land, adverse to his interest, are admissible against him or all who claim under him. (Page 195.)

5. APPEAL AND ERROR—HARMLESS ERROR.—It was not prejudicial error to exclude testimony that was not material. (Page 195.)

6. EVIDENCE—ADMISSION AGAINST INTEREST.—While a recognition of another's title by one who has acquired title by adverse possession will not revest title, proof that the ancestor of the defendant in an ejectment suit recognized plaintiff's title was admissible, though made after such ancestor had had possession for seven years, as it tended to show that the possession of such ancestor was not adverse. (Page 196.)

7. APPEAL AND ERROR—EXCLUSION OF EVIDENCE—PREJUDICE.—Before it can be said that the trial court erred in refusing to permit a witness

to answer a question, it must be shown that a correct and competent question was asked. (Page 197.)

8. EJECTMENT—WRIT OF POSSESSION—PROCEDURE.—Where an officer by a writ of possession is directed to place the plaintiff in possession of certain land as marked by artificial monuments previously placed thereon by a certain surveyor, if it appears by the officer's return that the line has not been correctly placed by such officer, the defendant can apply to the court to have the line established by the surveyor relocated, and for that purpose the court may hear testimony and make appropriate orders. (Page 198.)

Appeal from Pope Circuit Court; *Hugh Basham,* Judge; affirmed.

*Brooks, Hays & Martin* and *Cockrill & Armistead,* for appellant.

The location of a section line is a question of fact. 77 N. W. 601; 31 Mich. 270. The verdict should have been for appellant. 25 Tex. 594; 4 Tex. 38. The verdict is void for uncertainty. 32 Tex. 330; 32 S. W. 1048; 72 Tex. 5; 19 Tex. 148; 5 S. W. 556; 55 S. W. 379; 40 S. W. 345; 107 Ga. 152; 4 Barr 196. It is the duty of the jury to decide the point in issue. 4 How. 131; 32 La. 1271; 4 Tex. 492; 100 Me. 342; 16 Tex. 18. Webb cannot break the adverse possession of the Russells by proving that at some time Russell, Sr., deceased, had said that he was over the line. 66 Ark. 26; 33 Ala. 380; 108 Ala. 282; 99 Ala. 526; 173 Ill. 564; 67 Minn. 362.

*R. B. Wilson,* for appellee.

FRAUENTHAL, J. This was an ejectment suit instituted by T. J. Webb, the plaintiff below, to recover a small triangular tract of land situated in the west half of the southeast quarter of section two, in township six north, of range eighteen west, in Pope County. The plaintiff derived title to this land by inheritance back from an ancester who acquired it in 1853; and he and his ancestors had been since that date in possession thereof, except for a part of the time of the triangular tract in dispute, which for a time has been in possession of defendant and his ancestor. The defendant is the owner of the southwest quarter of section two, in township six north, of range eighteen west, in Pope County, and he derived title to it by descent from his father, who acquired it in 1869; and he and his father have been in possession thereof since said date. The

land owned by the plaintiff and the land owned by the defendant thus joined, and the triangular tract which is involved in this litigation is claimed by the plaintiff to be a part of his 80 acres of land. If the tract of land in dispute is a part of said 80 acres, then the plaintiff has sufficiently proved title thereto by adverse possession up to the time that the ancestor of the defendant took possession of it. The questions involved in this case then, are, first: is the triangular tract of land involved in this litigation a part of the 80 acres of land above described and owned by plaintiff? and, second, if it is, then has the defendant and his ancestor acquired title thereto by adverse possession? It is alleged by the plaintiff that the tract of land in dispute begins at the northwest corner of said west half of the southeast quarter of section two, and runs thence east along the north line thereof a distance of three rods, and runs thence in a southwest direction to a point in the dividing line between said west half of southeast quarter and the southwest quarter of said section two. The defendant alleged that the tract in dispute is located in the southwest quarter of said section two which is owned by him; and he also pleaded that, in event it was located in the above west half of the southeast quarter of section two, he and his father had been in possession of it for twenty years under claim of ownership, and that he had title to it by adverse possession.

Upon the trial of the case there was testimony tending to prove that the defendant's father was in possession of the tract of land in dispute in 1895, and remained in possession of it until his death in 1903, and that defendant then continued in possession of the land until the institution of this suit in 1909. But there was testimony adduced by the plaintiff which tended to prove that the possession by defendant's father of the triangular tract in litigation was not adverse, but was permissive and in recognition of and under the title of plaintiff. The testimony tended to prove that defendant's father had built a house in the northeast part of his 160 acres of land and near the line dividing his land from the plaintiff's 80 acres; that he needed an outlet and wood or horse lot on this 80 acres of plaintiff's land adjoining his house, and that plaintiff permitted him to move his fence upon his land so as to take in the triangular tract

in dispute and to hold the same as a tenant at will of plaintiff; and that the father of defendant thus held the land until his death. The plaintiff also introduced at the trial a witness, W. R. Hale, who qualified as a competent surveyor. This witness testified that he had made a survey of the above lands, and that he had established the line between said west half of the southeast quarter and the southwest quarter of said section two, and had put up monuments fixing its location. He testified that the triangular tract of land in dispute was situated east of said line thus established by him, and was a part of the west half of the southeast quarter of said section two, which was owned by plaintiff. He also made a map or plat of the lands, and showed thereon the line thus established by him and the location of the tract of land involved in this suit.

The jury returned a verdict in favor of plaintiff as follows: "We, the jury, find for the plaintiff the land on east side of the line as surveyed by W. R. Hale."

Upon said verdict the court rendered the following judgment:

"It is therefore adjudged by the court that the plaintiff have and recover of the defendant all that part of west half of southeast quarter of section 2 in township 6 north, range 18 west, in Pope County, Arkansas, which is being held by the defendant, according to the line established by W. R. Hale."

It is urged by counsel for defendant that the verdict of the jury is so uncertain and defective that it can afford no legal basis for a judgment. A verdict should be definite and certain and free from obscurity, but it is not necessary that there should be any absolute precision in the wording of the verdict. If the meaning of the jury can be clearly collected from the verdict, it ought not to be set aside. It is the settled rule that the verdict should be construed liberally, with the view of ascertaining the meaning of the jury and supporting their verdict. And if the issue presented by the pleadings has been substantially decided by the jury, and their meaning can be satisfactorily collected from their verdict, then it is the duty of the court to mould it into proper form by its judgment. In the case of *Woodruff* v. *Webb,* 32 Ark. 612, this court, quoting from approved authority in speaking of the liberal

construction that should be given to the verdict of the jury, said: "Strict form in a verdict is not required. * * * 'It needs only to be understood what the intent of the jury was, agreeably to which the verdict may afterwards be moulded into form.' * * * 'If the point in issue can be concluded out of the finding, the court shall work the verdict into form and make it serve according to the justice of the case.'" *Couch* v. *Harrison,* 68 Ark. 580; *Fagg* v. *State,* 50 Ark. 506; *Black-share* v. *State,* 94 Ark. 548; *Pickett* v. *Richet,* 2 Bibb 178; *Miller* v. *Shackleford,* 4 Dana 271; *Burton* v. *Anderson,* 1 Tex. 93; 22 Ency. Plead. & Prac. 877.

A verdict should show sufficiently what has been awarded to the party in whose favor it has been rendered; and where land is awarded, it should not be so uncertain that a writ of possession could not be issued on it and executed. But the description is sufficient where it is reasonably certain, or where it can be made certain, so that the land can be identified. This certainty may be established by reference to monuments upon the ground or to some recorded map or by some well known and understood manner of location. *Elliott* v. *Sutor,* 3 W. Va. 37; *Myers* v. *Ford,* 9 W. Va. 184; *Miller* v. *Casselberry,* 47 Pa. St. 376; *Meier* v. *Meier,* 105 Mo. 411; *Leprell* v. *Kleinschmidt,* 112 N. Y. 364; 15 Cyc. 166.

As shown by the pleadings in the case at bar, the plaintiff alleged that the triangular tract of land in dispute was situated in the west half of the southeast quarter of section 2, township 6 north, range 18 west, in Pope County. Its definite location depended upon the establishment of the line between that 80 acres of land and the 160 acres of the defendant which joined it on the west; this dividing line was the western boundary of the tract of land in dispute. This line was established by the surveyor, W. R. Hale, and he placed rocks, stakes and marks upon the ground which noted and identified the location of the line. The verdict of the jury found that the plaintiff should recover the land on the east side of the line as surveyed by said Hale. Manifestly, the jury meant, from the issue that was presented by the pleadings, that this land was located in the west half of the southeast quarter of said section two. Clearly, this was the meaning of the verdict; and the court rendered its

judgment in conformity with that plain and proper construction of it. We are of opinion that the line established by the surveyor, Hale, has been so definitely located by fixed marks and objects that the description of the land in the judgment is sufficient to warrant the issuance and execution of a writ of possession thereon. We do not think, therefore, that the verdict of the jury was so vague or indefinite as to be void or that the judgment is so uncertain that it should be reversed.

It is urged that the court erred in permitting the introduction of testimony of alleged conversations had with the father of defendant relative to the location of the line between his land and the land of plaintiff, on the ground that the father had died since the time of the alleged conversations. These conversations related to statements made by the defendant's father, from whom he derived his land, relative to the title to the land in dispute, and were in effect admissions adverse to his title thereto. It is well settled that declarations and admissions of one in possession of land, relating to the title thereof and adverse to his interest, are admissible against him; and declarations and admissions of a person, made while in possession, adverse to his title are admissible against his successors in interest and all who claim under him. We do not think the court erred in admitting this evidence. *Jackson* v. *McCall,* 6 Am. Dec. 343; *Deming* v. *Carrington,* 30 Am. Dec. 591; *Bushnell* v. *Church,* 15 Conn. 421.

Nor do we think that the court committed prejudicial error in refusing to permit the witness Ed Neighbors to testify to an alleged conversation had by him with the father of defendant. It appears that Mr. Russell, Sr., was contemplating dividing his land into twenty-acre blocks, and sent the witness for rocks to place at the corners of the blocks. The defendant propounded questions in order to prove by this witness that Mr. Russell, Sr., wanted these rocks to show the lines of his land, and stated that he wanted his son to know his land when he was dead. But the court refused to allow the questions to be answered. In this ruling we do not think that the court was wrong. The defendant did not offer to prove that Mr. Russell, Sr., wanted to show any line that bounded the tract of land in controversy, or that he was in possession of this triangular tract and asserted any title to it. He simply requested to ask of the witness ques-

tions to show that he got rocks to put over his place and to show the lines thereof. But he did not ask whether the rocks were to be placed upon the line of this tract of land in controversy, or to show that Mr. Russell, Sr., was claiming to own the tract. The defendant did not state that he desired to prove by this witness that Mr. Russell, Sr., was in possession of the tract of land in controversy, and, while in possession thereof, made declarations showing the character and extent of his claim to this tract. It was therefore not prejudicial error to refuse to permit the witness to testify as to what Mr. Russell, Sr., stated as to the other lands owned by him, and which are not involved in this case.

We have examined all the instructions that were given, and we think that they correctly presented to the jury the law applicable to the issues in the case. We find no prejudicial error that was committed in the trial; and the judgment is accordingly affirmed.

ON REHEARING.

Opinion delivered October 21, 1910.

FRAUENTHAL, J. Counsel for appellant have filed a motion for rehearing, and therein have suggested certain errors which they urge this court has made in its opinion. We deem it proper to note each of these contentions in order to make clearer our opinion.

In our opinion we stated that appellant urged that the lower court erred in permitting the introduction of alleged conversations had with the father of the defendant relative to the location of the line between his land and the land of plaintiff, on the ground that the father had died since the time of the alleged conversations. Counsel claim that we misunderstood the ground of their objection to that testimony. They now urge that Mr. Russell, Sr., had been in possession of the land in controversy for a longer period than seven years, and that a recognition of the other's title by one who has thus acquired title by adverse possession will not revest title; and that their objection to the testimony relative to these conversations was based upon the ground that they had occurred after the statutory period had run. But the issue involved in this case was whether or not the possession of Mr. Russell, Sr., was adverse or only permissive. He is the person by whom the

possession was held for the statutory period. Testimony, therefore, would be competent to show that such possession was not adverse. Any act or conversation recognizing the claim of the original owner after the seven years' occupancy would tend to show that the possession held during the statutory period was not adverse. Though such testimony is not admissible for the purpose of divesting title out of the adverse occupant and revesting it in the original owner, it is perfectly admissible for the purpose of showing that the possession of the occupant was not adverse, and that the occupant did not acquire title by the possession, which was only permissive. *Shirey* v. *Whitlow,* 80 Ark. 444; *Hudson* v. *Stilwell,* 80 Ark. 574.

Counsel insist that it was error to refuse to permit the witness Neighbors to detail certain conversations had by him with Mr. Russell, Sr. Now, before it can be said that the lower court committed an error in refusing to admit testimony, it must be shown that a correct and competent question was asked. In this case it was competent to prove statements made by Mr. Russell, Sr., while in the possession of the land in controversy, as to the nature of his claim thereto and the character of his possession thereof. Mr. Russell, Sr., owned other land than the small triangular tract in controversy. He owned 160 acres of land, according to the testimony. Now, there were only two questions which were propounded to this witness, objections to which were sustained. By the first question appellant desired to prove by this witness that Mr. Russell, Sr., sent the witness for rocks to put over his land; and by the second, that Mr. Russell stated that he wanted his son to know his land when he was dead. Now, these conversations may have referred only to the 160 acres of land which it is conceded that Mr. Russell, Sr., owned. The appellant did not by any question show specifically that Mr. Russell desired to place these rocks on the triangular tract in controversy, or that that tract was the land or a part of the land which he wanted his son to know that he owned. While it may be that it would not have been prejudicial error to have permitted these questions to have been asked and answered, yet, inasmuch as they related to his land generally, and not to the land in controversy specifically, it can not be said that the court committed prejudicial error in not allowing them to be asked.

It is earnestly insisted that the judgment is so indefinite and uncertain in the description of the land recovered that it is ineffective. It is urged that the description therein is so imperfect that a writ of possession issued thereon can not be executed. This contention gave us no little concern on the original hearing of this appeal, and has given us great concern on this application for a rehearing. We have, however, concluded that the description is not so imperfect that a writ issued thereon can not be executed. The main question involved in the case was whether or not the defendant had acquired title to the land in controversy by adverse possession. It was determined that the defendant had not acquired title thereto by adverse possession, and it was found by the jury that this tract in dispute was a part of the west half of the southeast quarter of section 2, in township 6 north, range 18 west. The western boundary of this tract in dispute was the line between the said west half of the southeast quarter and the southwest quarter of said section 2. The survey of the United States Government fixed that line, and the surveyor, Hale, located it. He located the southern and northern extremities of the line, and noted them on the ground with sufficient definiteness by reference to fixed objects. Between these points he put stakes at certain distances apart. These markings thus made by the surveyor on the ground may be removed; but any monument he may have placed on the line might be removed. If he had erected mounds, they might be removed. He did locate the line which he established, and marked its location on the ground. The officer into whose hands the writ of possession may be placed can, we think, locate that line on the ground thus marked by the surveyor. If he can not or does not, the appellant is not without remedy. The court issuing the writ of possession has full and complete control over its process, and if upon the return thereof it is made to appear that the line has not been correctly located, the appellant can then have the line thus established by Hale located at the points and along the places which were actually noted by the surveyor, Hale, on the ground, by evidence introduced before the court out of which the writ issued. The court can then hear testimony as to the true location of the line that was established

by the surveyor, Hale. If, then, the officer in executing the writ has taken possession of more land than was specifically recovered, the court can order a restitution thereof. Warvelle on Ejectment, § 520.

After the rendition of the opinion on the original hearing appellant filed a motion for a writ of certiorari for the purpose of bringing up the original map introduced in evidence, the object being to show that a house now appearing upon the map in the transcript does not appear upon the original. But, inasmuch as the noting of this house upon the map in the transcript was not controlling in our opinion, the motion for the writ is denied.

The motion for a rehearing is denied.