## DE BORGES *v.* GREEN.

### Opinion delivered February 19, 1917.

STENOGRAPHER'S FEES—DEPOSITIONS IN CHANCERY CASE.—Where counsel in an action in chancery, agree upon a stenographer to take depositions, it is the duty of the court to fix the fee for such service, which will be charged as costs in the suit (Act 290, page 1081, Acts 1915, § § 18 and 19).

Appeal from Union Chancery Court, *James M. Barker*, Chancellor; reversed.

*Neill C. Marsh*, for appellant.

1. The stenographer's fees should have been allowed by the court as costs and taxed as such. Acts 1915, 1090.

*W. E. Patterson, Amicus curiae.*

1. Depositions were taken in vacation and without order of court. 80 Ark. 574. The Act 1915, p. 1081, does not allow the fee. It was not so intended. Such statutes are strictly construed. 73 Ark. 603; 61 *Id.* 407; 86 *Id.* 280. The chancellor's ruling is correct.

SMITH, J. Appellant was employed as a stenographer to take depositions of witnesses on behalf of the defendant in the case of *Green* v. *Hill*, pending in the chancery court of Union county. The depositions were taken in vacation by agreement of counsel. Thereafter appellant filed a petition in that case, accompanied by a bill for her services, in which she prayed that her fees as stenographer be allowed and charged as costs. Upon the hearing, the petition was dismissed "for the reason that the depositions were

taken in vacation without the order of the court," and this appeal questions the correctness of that ruling.

In the case of *Reese* v. *Cannon*, 80 Ark. 574, this court held that there was no provision in the statute for paying, as costs, the copying of stenographer's notes in taking depositions, even when the costs for the depositions themselves were properly charged. Since this decision there has been passed an Act entitled, "An Act to regulate Pleading and Practice in the Chancery Courts of the State of Arkansas." Act No. 290, Acts 1915, page 1081.

This legislation appears to have contemplated the state of the law as pointed out in that opinion and to have remedied the omission in the law which prevented courts from charging up the costs of stenographic services as costs of the litigation by providing that such costs might be so charged.

Section 18 of this Act, among other things, provides:

"Officers and stenographers taking depositions shall prepare an original and two carbon copies of same at the time of transcribing for which service said officer shall be allowed a reasonable compensation to be fixed by the court and taxed as costs."

Section 19 of this Act is as follows:

"Section 19. Upon the trial of any issue or motion in any action or special proceeding, the court may order all oral testimony to be taken down in shorthand by a stenographer, and said stenographer, whether he be the official court stenographer or one specially designated by the court for the purpose, shall transcribe his stenographic notes at the request of the court or counsel for either party, and when so transcribing said notes he is hereby required to make three copies, two of which may be carbons, of the proceedings so reported by him, of which the original copy shall, in case of an appeal, be delivered to appellant's counsel to be inserted in the original transcript as a part of the same and for which portion so inserted the clerk shall receive no pay. Another copy shall be delivered to appellant's counsel

to be used in the bill of, exceptions and filed in the clerk's office, while the third copy shall be kept on file in the clerk's office with the other papers in the case, which copy so filed shall, in cases in chancery, be treated as and have the same effect as depositions in the case taken in the regular manner. And in such cases, as well as in cases where depositions are taken in shorthand and transcribed by a stenographer, whether the stenographer is the officer taking said depositions or the party called to write and transcribe the same as provided by law, the court shall allow a reasonable fee for such taking and transcribing and making said three copies, to be taxed as cost of suit."

It is insisted by learned counsel who has filed a brief as *amicus curiae* that the language, "and in such cases," appearing in the last quoted section, refers solely to depositions taken under the order and direction of the court. But, to so interpret the statute, much of it would have to be treated as surplusage and this, according to the insistence of the learned friend of the court, should be done. But we think this is not the proper construction of the language employed, especially when sections 18 and 19 are read and considered together.

While counsel may agree upon and may employ some stenographer to take depositions, yet the court fixes the fee for such service which may be charged as costs of suit, and only the fee fixed by the court may be charged and collected as costs.

The court below did not pass upon the reasonableness of the fee charged, but held that it was without jurisdiction to fix any fee, and the decree will be reversed on that account and the cause will be remanded with directions to the court to fix a fee for this service and to charge the same as costs of suit. Such costs, as well as the costs upon this appeal, will be charged as costs in the original litigation, the payment of which will abide the final result of that case.