S. B. BENNETT *v.* G. T. EARY

(No. 7962)

Submitted October 31, 1934. Decided December 11, 1934

*Sherman H. Eary* and *J. L. Ryan,* for plaintiff in error.
*Dillon, Mahan & White,* for defendant in error.

MAXWELL, JUDGE:

In this action of ejectment, the defendant was awarded writ of error to a judgment based on verdict in favor of the plaintiff.

The controversy is in respect of the line north and south between the adjoining properties of the parties at Ansted, in Fayette County. Both parties trace title through mesne conveyances to a common source. The defendant acquired his property by deed in 1921 and has been in occupancy thereof since that time. The plaintiff has owned and occupied his property since 1926. In 1932, the defendant moved the division fence from the position it had occupied for a long time theretofore to a new position about seventeen feet upon the land which previously had been on the plaintiff's side of the fence. The plaintiff contends that the line whence the fence was moved is the boundary line; the defendant that the new location is approximately the correct line.

In the declaration the plaintiff employed the description in the deed of his grantor to him in 1926 and sets forth the metes and bounds of his entire property of 1 and 13/32 acres. The jury by its verdict found for the plaintiff "an estate in fee simple surface, in the tract mentioned and described in his declaration, according to the metes and bounds therein set forth." In its judgment rendered upon the verdict, the court adjudicated that the plaintiff recover of the defendant the possession of the land in fee simple surface as ascertained by the jury and as in the plaintiff's declaration described. The judgment then sets forth the description given in the dec-

laration. This is its pertinent part: "Beginning at a set stone corner to Eary (formerly Nannie S. Lowry) and running with same N. 30′ E. 311 feet to a set stone, thence N. 77-30 E. 247½ feet to a set stone, thence S. 22-30 W. 412 feet to a set stone, thence N. 68 W. 41 feet to a set stone, thence S. 30-30 W. 30 feet to a set stone, thence N. 66 W. 165 feet, to the beginning, containing 1 13/32 acres, more or less * * *."

The beginning corner referred to in the said description is at the southern end of the disputed line where it ties into an east and west line of adjoining property. Where is that point? That is the very problem undertaken to be solved by the trial of the case, but at the end there is no more definiteness than at the start. How would it be possible for a surveyor to take the description set forth in the judgment, go upon the ground and mark the division line which the jury sought to establish? The plaintiff says that the southern terminal of that line is at one point; the defendant says it is at another. True, that is certain which is capable of being made certain, but, the record does not disclose that a single corner called for in the description set forth in the judgment is established by a fixed monument nor at a point on a definite call at a stated distance from a fixed monument. Further, no "set stone" called for in the description was located on the ground nor identified by the official surveyor or any other witness.

Where the true location of a division line is the real controversy in an action of ejectment, the determination of the place of such line is the basic thing to be accomplished by the trial. The jury must determine the place, and tie the line on the ground by its verdict. This can be accomplished by proper reference to some fixed and ascertained monument. When such has been done, the controversy will thereby be brought to an end. Where it has not been done, the controversy remains open and the trial unavailing.

"Of course, where the jury finds for the plaintiff the premises as described in a declaration

containing a reasonably certain description of the land, which the proof supports, the verdict will usually be deemed sufficient. *Messick* v. *Thomas,* 84 Va. 891; *Timber Co.* v. *Ferrell,* 67 W. Va. 14. But where, as in *Miller* v. *Holt,* 47 W. Va. 7, there is a definite call for course and distance as the division line between plaintiff's and defendant's lands, the true location of which is the real controversy in the suit, the jury must ascertain and fix the location of such line, and a verdict which merely finds for the plaintiff the land as described in the declaration does not determine the question raised by the pleadings. To suffice as a basis for judgment, the verdict must identify the land claimed, with reasonable certainty, by fixing its exterior boundaries." *Croston* v. *McVicker,* 76 W. Va. 461, 463, 85 S. E. 710.

The plaintiff has proved perfect paper title. For many years he and his immediate and remote grantors had possession to the line for which he contends, and which was marked by the fence before it was moved. But how fix that line by court order? The Code provides that a writ of possession "shall conform to the judgment as to the description of the property." Code, 38-4-4. If a writ of possession were awarded on the trial court's judgment it could not be executed because no sheriff nor other representative of the court could go on the ground with the court's judgment as his warrant of authority, lay a line and with certainty say: "This is the line fixed by the court." This situation arises because the judgment fixes no monument.

For these reasons, we reverse the judgment, set aside the verdict, and award a new trial.

> *Judgment reversed; verdict set aside;*
> *new trial awarded.*