MURDOCK v. STILLMAN.

Opinion delivered October 15, 1904.

ADVERSE POSSESSION—MISTAKE AS TO BOUNDARY.—Where one of two coterminous proprietors by mistake encloses land of the other, intending to occupy only the land called for by his deed, his possession is not adverse to the other. *Wilson* v. *Hunter,* 59 Ark. 626, followed.

Appeal from Pulaski Circuit Court.

JOSEPH W. MARTIN, Judge.

Reversed.

Murdock brought ejectment against Stillman to recover a narrow strip of land on the east side of lot No. 1 in block No. 1 in Capitol Hill Extension Addition to Little Rock, being five feet and one inch at the north and four feet at the south side of the lot. The cause was submitted on the evidence to the court sitting as a jury, who found that the record title was in plaintiff, but that defendant had title by continuous, open and adverse possession for more than seven years. Judgment was rendered for defendant, from which plaintiff has appealed. The evidence is sufficiently stated in the opinion.

*Oliphint & Gatewood,* for appellant.

Appellee's possession was not of such a nature as to entitle him to plead the statute of limitations. Possession must be adverse, *intentional,* actual and continuous. 27 Ark. 77. The

intention to use as owner is necessary, 24 Ark. 371 ; 1 Am. & Eng. Enc. Law, 227; 55 Miss. 671 ; 35 Oh. St. 395; 33 Ga. 539; 49 Mo. 458; 20 Pick. 458; 16 Johns, 295; 18 *Id.* 44; 92 Ill. 498. Whether there is adverse possession under mistaken boundary lines depends upon whether the possessor *intended* to claim it as his own. 59 Ark. 626; 38 Am. Rep. 178; 68 Mo. 84; 74 *Id.* 63 ; 69 Ala. 332; 78 Ala. 167; 70 N. Y. 147.

*Fulk, Fulk & Fulk,* for appellee.

A vendor's possession can be tacked to that of the vendee, to make out title by adverse possession. 122 Ala. 194; 121 Ala.; 19 D. C. 5; 130 Ill. 835; 63 Md. 25; 82 N. W. 318; 1 A. & E. Enc. Law, 842. If there was an intent to claim to the fence, the possession is adverse. 1 Am. & Eng. Enc. Law (2d Ed). 791; 90 Ala. 354; 69 Ala. 332; 59 Ark. 626; 92 N. W. 402, s. c. 87 Minn. 475; 92 N. W. 1032. Further on the general propositions of adverse possession. 59 Ark. 626; 109 Cal. 12; 116 Ala. 621 ; 90 Ala. 354; 69 Ala. 332; 121 Mo. 482; 33 Fla. 261 ; 22 Fla. 442; 109 Mo. 323 ; 66 Mo. 356; 50 Ark. 340; 39 Conn. 94; 109 Mo. 323 ; 66 Mo. 356; 39 Conn. 94; 57 Ark. 577; 13 Ark. 317.

WOOD, J. Appellee was in possession of the strip of land in controversy claiming title to same by adverse possession for seven years. Appellee and appellant were coterminous owners of lots in the city of Little Rock. Appellee's father, under whom he held, in his direct examination testified that he "claimed to where his fence was ;" that he "moved on the line ;" that his "deed called for 150 feet deep." On cross examination he said that all he claimed was 150 feet; he did not claim anything not in his deed. While this testimony may seem somewhat conflicting in itself, we gather from it that witness built his fence on and occupied the land of appellant through mistake, and that he only claimed and intended to occupy the land called for by his deed.

It follows that the finding of facts and the conclusion of law by the learned trial judge were erroneous. The cause is ruled by *Wilson* v. *Hunter,* 59 Ark. 626. The judgment is therefore reversed, and judgment will be entered here in favor of appellant (who has the legal title) for the land in suit.