McKewen v. Allen.

Opinion delivered July 23, 1906.

1. Statute of limitations—necessity of plea.—The statute of limitations, to be available as a defense, must be pleaded in some form in cases in equity as well as at law. (Page 182.)

2. Same—sufficiency of plea.—A plea of the seven years statute of limitations which alleges that "defendant states that this cause of action, if cause of action it be, did not accrue within seven years before the commencement of this suit" is sufficient, if not objected to, to raise the defense of the general statute of limitations. (Page 182.)

Appeal from Arkansas Chancery Court; *John M. Elliott,* Chancellor; reversed.

*H. A. Parker* and *W. U. Carpenter,* for appellants.

*John F. Park,* for appellees.

McCulloch, J.   Appellants occupied the land in contro-
versy, a quarter-section, under a deed of conveyance executed by
the county clerk pursuant to the provisions of the act of March
14, 1879, authorizing the conveyance of lands returned delinquent
and forfeited for nonpayment of taxes.   Appellants claim to have
occupied the land adversely for more than seven years before the
commencement of this suit instituted against them by appellees
to cancel said deed as a cloud upon the title.   It is contended by
appellees (1) that the clerk's deed, being void on its face, was not
effective as color of title under either the two years or seven years
statute of limitation, (2) that the seven years statute of limitation
was not pleaded, and (3) that the proof is not sufficient to sustain
a plea of adverse·possession for seven years.

The first two questions stated above are disposed of in the
case of *Bradbury* v. *Dumond, ante,* p. 82, and need not be
again discussed in this opinion.

Appellant's plea of limitation is in the following form, in
the separate answers filed by both of them:

"Defendant states that this cause of action, if cause of ac-
tion it be, did not accrue within seven years next before the com-
mencement of this suit; and defendant here sets up and pleads
and asks that he receive the benefit of the two years statute of
limitations applicable to tax sales."

No objection was made to the form of the plea; no request
or motion presented that it be made more definite and certain.
The statute of limitation, to be available as a defense, must be
pleaded in some form in cases in equity as well as at law.   *Stray-
horn* v. *McCall,* 78 Ark. 209, and cases cited.

We think the plea in this case was sufficient to apprise the
plaintiff that seven years adverse possession was relied upon as
a defense under the general statute of limitations.   The form of
the plea was not questioned, and the proof was directed especially
to that issue.

The proof was sufficient to sustain the plea of continuous
adverse possession for seven years.   The clerk's deed was exe-
cuted to John W. White, appellant's grantor, August, 5, 1882,
and he testified that he went into possession the next year and oc-
cupied it continuously.

The chancellor erred in rendering a decree for the plaintiffs,

and the same is reversed, and the cause remanded with directions to enter a decree dismissing the complaint for want of equity.