### COUCH *v.* ADAMS.

Opinion delivered November 29, 1915.

ADVERSE POSSESSION—ERECTING FENCE.—Appellant will be held to have acquired title by limitation to a portion of a lot of land, when he purchased two lots from his grantor, and taking the boundary lines as given him by his grantor, enclosed with a fence the two lots purchased and a portion of a third, and held possession of the same for the statutory period.

Appeal from Pulaski Circuit Court, Second Division; *Guy Fulk,* Judge; reversed.

*A. J. Newman,* for appellant.

The undisputed testimony shows that appellant acquired title by full seven years adverse possession, and a verdict should have been directed for him. 87 Ark. 168; 104 *Id.* 274; 100 *Id.* 71; 92 *Id.* 321; 101 *Id.* 409; 56 *Id.* 50, 255.

*H. C. Locklar* and *C. L. O'Daniel,* for appellee.

The case was properly submitted to the jury. 111 Ark. 604; 80 *Id.* 190; 82 *Id.* 89. The evidence fails to show possession, open, continuous, hostile, exclusive, and *coupled with an intent* to hold adversely to the true owner. 97 Ark. 33, 36; 95 *Id.* 144.

HART, J. This is an action in ejectment instituted by appellee against appellant to recover a tract of land 12½ feet wide by 141 feet long in the city of Little Rock, Pulaski County, Arkansas. In June, 1914, appellant purchased lots one and two, block 16, Worthen and Brown Addition to the city of Little Rock, and in December, 1911, appellee purchased lots three and four, block 16, of the same addition. Each has a perfect chain of title from a common source. This is the second appeal in the case. On the former appeal the court reversed the judgment because there was a directed verdict in favor of appellee, the court being of the opinion that the question of adverse possession should have been submitted to the jury. *Couch* v. *Adams,* 111 Ark. 604.

In the court below Couch testified that he went out to see the property when he purchased it and that his vendor showed him the boundary line and staked out the property; that he at once built a fence around the property because he wanted to enclose it and to know exactly where his property was; that this fence was built in June, 1904, and that for more than seven years thereafter and until this suit was brought he had held possession of the enclosed property and claimed it as his own.

Several other witnesses were introduced by him and testified as to the fact that he had enclosed the property

in June, 1904, and had kept it enclosed ever since, claiming it as his own.

On cross-examination he testified that his vendors sold him two lots, numbers one and two. Again he was asked, "When did you first find out that you had more property than lots one and two?" and answered, "I never did find it out until Mr. Adams complained."

We also copy from the cross-examination as follows:

"Q. Then you will state that you did not know that you had more than lots one and two until Mr. Adams came to you?

"A. No, sir; I didn't know that I had only my own property that I had bought."

"Q. Just turn to the jury there and answer this question: Did you have in mind at any time to take the property that did not belong to you and convert it to your own use?

"A. I didn't take nothing.

"Q. Did you have in mind at any time to take more property than you bought and to convert it to your own use?

"A. No, sir; I didn't want nothing only what I had bought."

Counsel for appellant assigns as error the action of the court in not directing a verdict in his favor. He insists that the undisputed evidence shows that he obtained title to the property in question by adverse possession.

On the other hand it is contended by counsel for appellee that the jury might have legitimately inferred from the cross-examination of the appellant that he held the disputed ground in subordination to the rights of the true owner when asserted, recognizing the possibility of a mistake in the boundary. They insist that this may be inferred from the cross-examination of the appellant and especially point to the following question and answer as sustaining their contention: "Did you have in mind at any time to take more property than you bought and to convert it to your own use? A. No, sir; I didn't want nothing only what I had bought."

It is true that the record shows that Couch only purchased lots one and two and that the twelve and one-half feet in dispute was a part of lot three according to the original plat of the land. But the undisputed evidence shows that appellant's vendor pointed out to the plaintiff at the time of the purchase the property comprising these lots and the appellant at once built a fence around the property and held the same adversely for a period of more than seven years. His testimony in this respect is corroborated by the other witnesses.

We think the undisputed evidence shows that the appellant enclosed the land as his own as soon as he purchased it by putting his fence where he believed the line was and that he claimed and occupied all of the land enclosed as his own for the statutory period. It follows that the court erred in not directing a verdict for the appellant.

The record shows that the case has been fully developed. The judgment will, therefore, be reversed and the circuit court directed to enter a judgment in favor of appellant.