MOIR *v.* BAILEY.

Opinion delivered December 6, 1920.

1. ADVERSE POSSESSION—INTENTION.—Intention to hold adversely is an indispensable element of adverse possession.

2. ADVERSE POSSESSION—POSSESSION BY GRANTOR.—Where a grantor remains in possession of a portion of the premises conveyed, he is presumed to hold in subordination to the title conveyed unless there is evidence of a contrary intention.

3. ADVERSE POSSESSION—NOTICE OF CLAIM OF OWNERSHIP.—Where a grantor, after conveying to another a lot adjoining his residence, retained a strip on which a well was situated as a part of his inclosure, and continued to use the same as if he owned it, the grantee will be presumed to have notice of his claim of ownership.

4. ADVERSE POSSESSION—WHEN TITLE ACQUIRED.—Where a grantor, after conveying an adjoining lot, retained within his inclosure a small strip from such adjoining lot and continued to use such strip as if he owned it, a finding that he acquired title by adverse possession will be sustained.

Appeal from Independence Circuit Court; *Dene H. Coleman,* Judge; affirmed.

*Victor M. Wade,* for appellant.

The possession and holding of the defendant was not *adverse.* The mere retention of the property by the grantor who was in possession at the time of the grant or conveyance for seven years does not constitute a holding adverse to the grantee. 58 Ark. 142; 69 *Id.* 562-6; 84 *Id.* 52; 101 *Id.* 163; 1 R. C. L. 751.

*J. B. & J. J. McCaleb,* for appellee.

1. The court sitting as a jury, having found that appellee held possession adversely for the statutory period of limitation, is fully sustained by the evidence that is conclusive of this case. 136 Ark. 36; 54 *Id.* 273. The cases cited by appellant (58 Ark. 142-69, *Id.* 562) do not conflict with nor overrule. 54 Ark. 273-283, 84 Ark. 52 is not authority in this case, nor is 101 Ark. 163.

2. The possession and use of the strip of land and well was clearly inconsistent with the right of appellant, and no notice was necessary. The evidence shows that

appellees were holding adversely to their grantee and her title by adverse possession is good.

Hart, J. This is an action of ejectment by J. S. Moir against Mary B. Bailey to recover possession of a strip of ground, three feet wide by 150 feet long, in the town of Batesville, Arkansas.

The case was tried before the cricuit court sitting as a jury, and it found that Mrs. Bailey had acquired title to the strip of land in controversy by adverse possession. Judgment was accordingly rendered in her favor, and the plaintiff has appealed.

In 1878, Andrew J. Bailey purchased lots 7 and 8 in block 2, in the town of Batesville, Arkansas. He moved on lot 8 and lived there until his death in 1916. His widow continued to live there and lived there at the time this suit was brought.

The documentary evidence shows that on the 5th day of March, 1912, Andrew J. Bailey and Mary B. Bailey, his wife, granted to Robert M. Ramey lot 7 in block 2, in the town of Batesville. On June 10, 1916, Robert M. Ramey conveyed said lot to Seddie C. Ramey and on the 26th day of April, 1919, Seddie C. Ramey conveyed it to the plaintiff, J. S. Moir.

At the time Andrew J. Bailey purchased lots 7 and 8, there was a division fence between them and also a well situated along the line of the fence. The strip of land in controversy was on the side of the fence on which was situated the residence of Andrew J. Bailey. This fence continued to remain until about two years before this suit was brought, at which time Mary B. Bailey rebuilt the fence.

Evidence was adduced by the paintiff tending to show that the strip of ground in controversy was a part of lot 7, and that the Baileys did not claim it adversely. According to the testimony of Mrs. Bailey, she and her husband had always claimed the strip of land in controversy as a part of the inclosure. From the time they moved on the land in 1878 up to the time of the institu-

tion of this suit, they had always used water from the well and considered that they had the legal right to do so. During all of this time they also used the strip of ground in controversy as a part of their yard and claimed it as their own.

Counsel for the plaintiff seek to reverse the judgment on the authority of *American Building & Loan Association of Little Rock* v. *Warren,* 101 Ark. 163, and cases cited, and *Morgan* v. *McCuin,* 96 Ark. 512. They invoke the rule that where a grantor remains in possession of the land after conveying the land his possession is subservient to the grantee, and that there can be no assertion of an adverse title to the grantee without putting the latter upon notice of his rights.

It is true, intention to hold adversely is an indispensable element of adverse possession, and that where a grantor remains in possession of a portion of the premises conveyed he is presumed to hold in subordination to the title conveyed unless there is evidence of a contrary intention. Each case, however, must depend upon its own facts.

In the present case the strip of ground in controversy was within the inclosure occupied by Mr. and Mrs. Bailey as their residence. They had considered it as a part of their yard for many years before they made the conveyance to Ramey. They continued so to regard it after they had made the conveyance of the adjoining lot to Ramey. They continued to use the well and in all respects acted as if they owned the strip of ground in controversy. Ramey must be presumed under the circumstances to have knowledge of these facts. The Baileys only retained possession of the three-foot strip of ground in controversy, which, as we have already seen, was a part of their inclosure. The remainder of the land conveyed was turned over to Ramey. According to Mrs. Bailey's testimony they thought the three-foot strip was a part of the lot on which their residence was situated and for more than seven years after they made the con-

veyance to Ramey they considered it as a part of their inclosure and occupied it adversely.

Therefore, under her testimony, the circuit court was warranated in finding that the Baileys acquired title to the strip of ground in controversy by adverse possession.

It follows that the judgment will be affirmed.