MILLER *v.* FITZGERALD.

Opinion delivered October 5, 1925.

ADVERSE POSSESSION—MISTAKE AS TO BOUNDARY.—Where plaintiff, owning two adjacent lots, sold one of them to defendant, and the defendant, relying upon a fence enclosing his lot, took possession of a small strip off the plaintiff's lot and retained possession thereof under claim of ownership for more than seven years, his possession was adverse to the plaintiff, even though his claim of title was the result of a mistake as to the boundary.

Appeal from Pulaski Circuit Court, Third Division; *Marvin Harris,* Judge; affirmed.

*W. D. Swaim,* for appellant.

*Longstreth & Longstreth,* for appellee.

SMITH, J.   What appears to have been the undisputed testimony at the trial from which this appeal comes is as follows:   Appellant owned lots 15 and 16, in block 5, of Capitol View Addition to the city of Little Rock.   Both lots were 135 by 50 feet, and on January 21, 1913, appellant sold lot 15 to appellee, the sale being negotiated by a Mr. C. A. Lee, a real estate agent.   At the time of the sale there was a residence standing in about the center of lot 15, and there was a fence on what appeared to be the boundary line between lots 15 and 16, and this fence has remained there continuously since.   The agent making the sale supposed the fence was on the line and pointed out the lot thus enclosed as the lot which he proposed to sell.   This fence did not extend for the entire distance of the line dividing the lots, but appellee supposed it was on the line and indicated the boundary between the lots, and soon after purchasing the lot and moving into the house standing thereon, which appellee has since continuously occupied as her home, she planted a hedge, which became a continuation of the fence.   The hedge was planted on a line with the existing plank fence and formed a continuation thereof along the supposed line between the two lots. This hedge was planted as long as eight or nine years before the institution of this suit.   The hedge was at first small and grew slowly, but it continued to grow and was supposed to be on the line between the two lots.

The fence standing at the time of the sale was not on the true line between the lots.   This line ran east and west and instead of being on this line the fence extended over it on to lot 16 for a distance of approximately four feet at the front and sixteen inches at the rear, and the litigation involves the strip off lot 16 which was enclosed by the fence.

Appellant contracted to sell lot 15 and the deed described only lot 15.   Neither appellant nor appellee knew that the fence was not on the line, and appellant appears not to have discovered that fact until a few months before

the institution of this suit, and appellee was not advised of the fact until demand was made that the fence be moved to the true line, which demand was made shortly before the institution of this suit.

The real estate agent testified that in making the sale he showed appellee the house and the lot, which was then enclosed by the fence still standing, and there appears to be no question that appellee supposed the fence was on the line and that she claimed title to the land enclosed by the fence.

In addition to extending the fence by planting the hedge, appellee also planted flowers in the disputed strip, this being done at the time she planted the hedge.

The law of the case appears to be thoroughly settled. It was clearly announced by Justice BATTLE in the case of *Wilson* v. *Hunter,* 59 Ark. 626. The syllabus in that case which announced the conclusion reached by the court reads as follows: "Where one of two coterminous proprietors by mistake builds upon or encloses land of the other, intending to claim adversely merely to the real boundary line, his possession is not adverse to the other; but, if his possession was acquired and held under the claim that the land was his own, his possession is adverse to the other, even though the claim of title was the result of a mistake as to the boundary." The law as thus declared has been reaffirmed in the cases of *Etcherson* v. *Hamil,* 131 Ark. 89; *O'Neal* v. *Ross,* 100 Ark. 555; *St. L. S. W. Ry. Co.* v. *Mulkey,* 100 Ark. 71; *Goodwin* v. *Garabaldi,* 83 Ark. 74; *Shirey* v. *Whitlow,* 80 Ark. 444; *Bayles* v. *Daugherty,* 77 Ark. 201; *Broad* v. *Beatty,* 73 Ark. 106; *Murdock* v. *Stillman,* 72 Ark. 498.

Under the testimony stated, we think the court might very well have directed a verdict in favor of appellee, the defendant below, as the testimony is undisputed that she bought lot 15 on the assumption that the fence then standing was on the line, and that this enclosure was extended by the hedge fence, and that by the two fences she occupied, openly and adversely, the strip in question for a period of more than seven years before the institution of

the suit, and that during all this time she had claimed the disputed land as her own and so regarded it, although her claim to the title was the result of the mistake of putting the fence back on lot 16.

Appellant asked an instruction numbered 3 reading as follows: "You are instructed that, if you find from the evidence that the title to lot 16 was in the plaintiff and that the defendant was claiming the strip of land in dispute by adverse possession, then you are instructed that the burden of proof is upon the defendant to show by a fair preponderance of the evidence that she had been holding the said land in dispute for more than 7 years openly and adverse against the true owner and the world, and the said holding and possession was with the intention to hold the same, as against the true owner, to the fence without regards to the boundary line."

The court changed the word "fence" to "hedge" and gave it as thus modified, and appellant excepted to the modification.

After thus modifying the instruction by changing the word "fence" to read "hedge," the court further charged the jury orally as follows: "Ladies and gentlemen of the jury: You are directed to find a verdict for the defendant as far as that part of lot 16, block 5, Capitol View Addition, is concerned, enclosed by the fence. That leaves for your consideration only that part of the lot which is enclosed by the hedge, of which there has been some evidence."

It was evidently the theory of the court that the existence of the fence for more than seven years was an undisputed fact, whereas there might be some question as to the length of time the hedge had stood as a fence, and the modification of instruction numbered 3 and the oral instruction submitted this question.

In response to these instructions the jury returned two verdicts. In the first a finding was made as directed by the court for the part of lot 16 enclosed by the fence, and in the second a general finding was made for the defendant-appellee, thus indicating that the jury found

that the hedge fence, as well as the plank fence, had stood for more than seven years enclosing the disputed strip, all of which had been claimed by appellee.

The testimony is certainly sufficient, if indeed it is not undisputed, that the hedge-fence was more than seven years' old; and it is likewise undisputed that appellee had occupied and claimed the land enclosed for a period of more than seven years, although this claim was based on the mistaken assumption that the fence was on the true line.

There appears, therefore, to have been no error in the instructions, so the judgment must be affirmed, and it is so ordered.