### CARDEN *v.* MONTGOMERY.

Opinion delivered October 18, 1926.

1. ADVERSE POSSESSION—SUFFICIENCY OF EVIDENCE.—Undisputed testimony that plaintiff suing in ejectment had been in continuous possession of land for more than seven years before suit warranted a directed verdict in his favor, if the description of the land in the complaint was sufficient to identify it.

2. EJECTMENT—DESCRIPTION OF LAND IN JUDGMENT.—A description of the land in ejectment which would be good in a deed is sufficient also in a judgment in ejectment.

3. EJECTMENT—SUFFICIENCY OF DESCRIPTION OF LAND.—The test of the sufficiency of description of land in a complaint and judgment in ejectment is whether, by aid of the description given, the land can be located.

4. EJECTMENT—DESCRIPTION OF LAND—EVIDENCE.—Where a judgment in ejectment located the land recovered by the plaintiff by means of a fence and road, proof of their location at the time the judgment was rendered is admissible if they have been subsequently removed or changed.

5. APPEAL AND ERROR—CONSOLIDATION OF CAUSES.—In absence of objection, separate causes of action in a complaint in ejectment and for damages to adjoining land resulting from deprivation of property are treated as consolidated and tried by consent in a single suit.

6. NEW TRIAL—NEWLY-DISCOVERED EVIDENCE.—A motion for new trial for newly-discovered evidence was properly denied where the evidence was merely cumulative and no explanation is given as to why the evidence was not produced at the trial.

Appeal from Polk Circuit Court; *B. E. Isbell,* Judge; affirmed.

*Norwood & Alley,* for appellant.

*Pipkin & Frederick,* for appellee.

SMITH, J. Appellee brought suit in ejectment against appellant to recover possession of a certain tract of land, about an acre in area, which was described in the complaint as follows: "All that part of the southeast quarter southeast quarter of section 30, in township 1 south, range 29 west, lying south of the public road known as the Waldron and Cherry Hill road and west of the first fence east of the west line of the said southeast quarter southeast quarter, running in a southerly direction from said road, and containing about one acre."

It was alleged in the complaint that appellee went into the possession of the land in 1912, and occupied the dwelling-house thereon and the ground inclosed therewith under fence, and that he thereafter remained continuously in possession of the house and inclosed land until about December 15, 1924, a period of more than seven years, when appellant ordered appellee's tenant, who was in possession, to vacate the house, and wrongfully took possession thereof. The complaint also alleged that appellee owned adjoining land, on which there was no house for the use of a tenant, and appellee was unable, through the loss of the use of the house, to rent this adjoining land, and he prayed judgment for the recovery of the house and land and damages for the use thereof, and also for damages for loss of rent on the adjoining land resulting from the loss of the use of the house, which was necessary to renting this adjoining land.

The answer filed by appellant did not question the sufficiency of the description of the land contained in the complaint, but denied that appellee was entitled to recover the land, and alleged title in himself.

There was a verdict in appellee's favor for the recovery of the land, and damages were assessed at $50, and judgment was rendered accordingly.

The trial occurred on the 23d of April, 1925, and a motion for a new trial was filed and overruled on the 22d of May, 1925.

In the motion for a new trial filed by appellant he assigned as error the action of the court in directing the jury to find for the plaintiff for the possession of the land and in giving an instruction which authorized the jury to consider the damages to the adjoining land.

Another error assigned in the motion for a new trial was that, after the rendition of the verdict and judgment, appellant had learned that one S. C. Harrison is a material witness, who could and would be produced if a new trial were granted. Attached to this motion was the affidavit of Harrison, which was to the effect that appellee knew the house did not belong to him, and that appellee did not claim to own it. This affidavit was made July 10, 1925, which was some time after the rendition of the judgment.

The testimony appears to be undisputed that appellee had, for a period of more than seven years before the institution of the suit, been continuously in possession of the land in controversy, and there was therefore no error in the court directing the jury to return a verdict in his favor for the possession of the land, provided there was a description of the land sufficiently definite to make certain the land which had been occupied and sued for.

The chief insistence for the reversal of the judgment is that the description employed in the complaint and in the judgment is too indefinite to identify it.

A description which would be good in a deed would also be sufficient if employed in a judgment, and in the case of *Tolle* v. *Curley,* 159 Ark. 175, 251 S. W. 357, it was said that the rule is that a deed is not void for uncertainty of description if the land can be located from the description in the deed.

In the case of *Russell* v. *Webb,* 96 Ark. 190, 131 S. W. 456, which was a suit in ejectment to recover a small triangular tract of land, it was insisted that the verdict and the judgment pronounced thereon were void because the land recovered was not properly described.

The sufficiency of the description depended on the definiteness and certainty of a line run by a surveyor

named Hale, the survey being evidenced by certain rocks, stakes and marks which noted and identified the location of the line as surveyed. It was there said that "the description is sufficient where it is reasonably certain, or where it can be made certain, so that the land can be identified. This certainty may be established by reference to monuments upon the ground, or to some recorded map, or by some well-known and understood manner of location."

The question of the sufficiency of the description was again considered in that case on a petition for rehearing, and it was insisted, in support of that motion, that the evidence of the survey might at any time be destroyed and the description thereby rendered uncertain. The court said that the markings made by the surveyor on the ground might be removed, but, if so, the line as surveyed might be reestablished. It was said that if, upon issuing a writ of possession in favor of the prevailing party, it was insisted that more or different land from that described in the judgment was taken, the court could hear testimony as to the true location of the line that was established by the surveyor, and that, if the officer executing the writ had taken possession of more land than was specifically recovered, the court would order its restitution.

The defect complained of in the description employed in the instant case is that it is not shown where the fence, which forms a part of the boundary after leaving the Waldron and Cherry Hill road, ran, it being recited only that this line (the fence) runs in a southerly direction from said road. It would have been a more accurate description to have fixed the terminus of the fence after leaving the road, but the test is not whether the best or most satisfactory description was employed. It is sufficient if, with the aid of the description employed, the land can be located. The length of the fence and its terminus after leaving the road are not shown, but, in connection with the other descriptions which are employed, the fence incloses the land. The land is a part of the

southeast quarter southeast quarter of section 30, township 1 south, range 29 west, and is all that part of that forty-acre tract of land west of the first fence east of the west line of that forty and south of the Waldron and Cherry Hill public road. The lines of the forty-acre tract are certain, or can be made so, and the road and fence are both on the forty acres. If this fence has been or may be removed or destroyed, or the location of the road changed, then proof could be heard, if necessary, as was said in the case of *Russell* v. *Webb, supra,* to establish their location as they were when the judgment was rendered.

The land recovered was the land inclosed by the fence, and, when the location of the fence is made certain, the identity of the land is also made certain. In other words, it is not the character of the monuments which mark the boundaries of a tract of land which determines the sufficiency of the description, but is rather whether or not, by the aid of the description given, the land may be definitely located.

In this connection it may be said that present counsel representing appellant did not appear for him in the trial below, and it does not appear that it was thought, at the trial, that the description was so indefinite as to be void, inasmuch as no motion was made to make it more specific.

It is also insisted that the court was in error in admitting testimony to show that the rental value of land adjoining the acre sued for was affected by the deprivation of appellee of the house which had been used by appellee's tenants in cultivating this adjoining land, it being insisted that such damages could not be recovered in an ejectment suit brought to recover a specific tract of land.

It may be again said that no such question was raised until the motion for a new trial was filed. Had a separate suit for the damages to the adjoining land been brought, it might, by consent, have been consolidated and tried with the ejectment suit, and, in the absence of any objection to the form of action brought, we must treat

the two causes of action, if such they are, as having been consolidated and tried by consent as a single suit.

It is finally insisted that the court erred in refusing to grant a new trial on account of the newly discovered evidence of Harrison. In answer to this insistence, it may be said that the affidavit was not filed until after the rendition of the judgment. The affidavit filed was made by Harrison, and not by appellant, and it recites merely what Harrison's testimony would have been, had he testified. Appellant himself did not make an affidavit explaining his failure to have the affiant present at the trial. Moreover, the testimony was cumulative of other testimony offered at the trial to the effect that appellee had not acquired title by adverse possession of the land in controversy.

No error appearing, the judgment is affirmed.