RATTEREE *v.* RHODES.

4-4399

Opinion delivered November 9, 1936.

*Henry J. Burney,* for appellants.
*Kerby & Kerby,* for appellee.

JOHNSON, C. J. This is an ejectment action instituted in the Pulaski circuit court by appellants, James Noble Ratteree, Allan H. Ratteree, Ira C. Ratteree and Mrs. Lucille Newman, against appellee, Mrs. Alice Rhodes. The trial to a jury resulted in a verdict and consequent judgment in favor of appellee from which this appeal comes. The only controverted question of fact was adverse possession.

Among other instructions the court gave to the jury in charge at appellee's request, and over appellant's objection, instruction number one, which is as follows: "You are instructed that actual possession of property is notice to owner, and if you believe from a preponderance of the evidence that the defendant actually and continuously occupied said property for more than seven years immediately prior to the bringing of this suit, then you will find for the defendant."

The above quoted instruction is inherently wrong and calls for a reversal of the case. Under this instruc-

tion it was the duty of the jury to find for appellee if the testimony established that she had actually and continuously occupied the property for more than seven years. This is not the law. Under this instruction a mere tenant at will who had actually and continuously occupied premises for more than seven years might retain possession of the premises against the true owner thereof, although monthly rentals had been consistently and continuously paid. Mere possession of real estate without intent or purpose of claiming it as owner or adversely is insufficient, irrespective of the length of time it continues, to ripen into title. 1 R. C. L. 686-693; *Moir* v. *Bailey,* 146 Ark. 347, 225 S. W. 618; *Cotton* v. *White,* 131 Ark. 273, 199 S. W. 116; and *Fulcher* v. *Dierks Lumber & Coal Co.,* 164 Ark. 261, 261 S. W. 645. Moreover, this seems to be the universal rule on the subject. See Thompson on Real Property, § 2515, and 2 C. J. 122-123.

The given instruction, being a direction to the jury to find for appellee upon the erroneous statement of law therein contained, cannot be corrected by other proper declarations, but is in conflict therewith. *Postal Telegraph-Cable Co.* v. *White,* 188 Ark. 361, 66 S. W. (2d) 642, and cases there cited.

Appellants also complain that they were denied the right by the trial court to establish certain declarations made by James Walker, Sr., appellee's predecessor in claim of title, while occupying the premises in respect to his possession and the extent of his claim. This phase of the case is not sufficiently abstracted for us to ascertain its merits without exploring the transcript. In view of another trial, however, we call the trial court's attention to *Hughes* v. *Redus,* 90 Ark. 149, 118 S. W. 414, and *Russell* v. *Webb,* 96 Ark. 190, 131 S. W. 456.

For the error indicated, the cause is reversed, and remanded for a new trial.