Moss *v.* CHANDLER.

4-7697                                            189 S. W. 2d 715

Opinion delivered October 15, 1945.

*Oscar Barnett,* for appellant.

HOLT, · J. This is a suit in ejectment. Appellant (plaintiff below) alleged that he was the owner and entitled to the possession of the northwest quarter of the southwest quarter of section twenty, township 4 south, range sixteen west, containing 40 acres more or less, in Hot Spring county, Arkansas. He further alleged that he claimed title to the land by virtue of a deed to him from the St. Louis, Iron Mountain & Southern R. R. Co., Au-

gust 31, 1901, and that "he fenced said land and went into immediate possession of same on the date of the deed aforesaid; and that he has been in open, notorious, peaceable and lawful possession of same, cultivating said land in crops each and every consecutive year, and all of the time since the date of said deed, up to and including the present year; and that plaintiff is entitled to the uninterrupted and peaceable possession of said land now."
. . . "That on the 24th day of August, 1944, the defendant in riotous, wrongful, trespassingly, unlawfully, abusively and in an intimidating manner set posts and wire fence so as to take . . . land into his inclosure which lies east of plaintiff's said land, taking from this plaintiff a strip of his said land 15 feet wide and 600 feet long." He further alleged damages and prayed for possession of this strip of land, that defendant be enjoined from trespassing thereon, and for damages.

Defendant answered with a general denial and claimed title to the strip of land in question "under and by authority of a deed executed to him by one J. Elmo Young and Edna M. Young, his wife, under date of November 24, 1943, in which deed the said land was set out and described by metes and bounds, and also in which deed the said J. Elmo Young and Edna M. Young, his wife, warranted to defend the title to said land against all claims whatsoever," and asked that J. Elmo Young and wife be made parties to the suit, whereupon Young and wife answered with a general denial.

Upon a jury trial, there was a verdict in favor of appellee, Chandler, for the strip of land in question and a denial of damages to appellant. From the judgment comes this appeal. No brief has been filed by appellee.

Appellant asserted title to the strip of land involved here not only by warranty deed from the railroad company in 1901, but also by adverse possession for the statutory period of seven years. This court, in the recent case of *Gingles v. Rogers*, 206 Ark. 915, 175 S. W. 2d 192, held: (Headnotes 1 and 2) "One seeking to eject another must bring himself within the rule that, *prima facie*, a

legal right to possession of the realty must be shown. In making out title by the party having the onus, he must do so either by force of the statute of limitations, or by showing claim of title from the government, or at least from a source common to the parties, which implies admission of title to that source, on both sides.''

The effect of appellant's allegation in his complaint, *supra*, that he fenced the strip of land here involved and went into immediate possession upon the receipt of his deed from the railroad company and had been in ''open, notorious, peaceable and lawful possession of same,'' and cultivating same each year thereafter down to the present time, sufficiently alleged adverse possession although the word ''adverse'' was not used. *McKewen* v. *Allen*, 80 Ark. 181, 96 S. W. 392, and in *Hill* v. *Cherokee Construction Company*, 99 Ark. 84, 137 S. W. 553, this court said: ''If it appears by plain and reasonable intendment that the defendant asserts as a fact that he has had adverse possession of the land for the statutory period, this, we think, is a sufficient plea of the statute of limitation for the investiture of title by adverse possession and is not subject to a demurrer, *McKewen* v. *Allen*, 80 Ark. 181, 96 S. W. 392.''

The undisputed facts are to the following effect. Appellant, Moss, a Negro, 71 years of age, testified that he secured a deed from the railroad company as alleged in his complaint and (quoting from appellant's brief) ''I went into immediate possession of this land, worked crops on it every year since, it was fenced then, I have had under my fence all of the time since. There was a rail fence around it; I renewed this with a wire fence; and have had it fenced in my field every year since my deed. The fence is now on the same line it was on the date of my deed. I had this land surveyed by Mr. J. H. Howard, county surveyor, on April 7, 1906, he marked the east line with a 4 x 4 post, my fence is on the line he ran then and it has been all of the time since, here is his certificate, he was county surveyor. The surveyor's certificate is made exhibit to the witness' testimony. In 1944, Mr. Chandler came there and run a fence in my

field taking a strip 15 feet by 600 feet inside my field, he run his fence right down the corn row. My fence on the east side is on the same line that Mr. Howard, Mr. Jo Brown and Mr. Threlkill established there forty years ago and it is on the same line now. Mr. Howard put down a white stob, a piece of four by four. It is right there 'till this day, my fence is right on the same line now.''

It is conceded that appellant had paid the taxes on this land each year since 1901.

Will Jones, Hezikiah Hinson, Joe Lee Jones, Alfred Jones, and Alvin Jones corroborated the testimony of appellant, and testified that they had known him for forty years or more. The testimony of each of these corroborating witnesses is similar in effect to that of Henry Dumas, who testified that he had known Willie Moss, appellant, and the premises on which he lives for 45 years, that the fence on the east side of appellant's land is now on the same location it was 40 years ago, that Willie Moss has had it fenced and in cultivation for 25 years, and never missed a crop, that he knew the strip of land in question here claimed by appellee, and that appellant, Moss, has had it inside of his fence for 25 years.

Appellee introduced in evidence a deed from J. Elmo Young and wife, dated November 24, 1943, conveying to him a part of the northeast quarter of the southwest quarter, section 20, township 4 south, range sixteen west, in Hot Spring county which lies on the north side of highway 270 and west of a road leading from said highway to Gifford, and for 10 acres more or less.

On direct examination, appellee testified in substance (quoting from appellant's brief), ''the fence that Moss had there was an old rail fence. I went to Moss and asked him to let me build a new fence, he would not do this, so I had the county surveyor to run the line. I was hauling logs at the time and he went in and fenced it up. I don't want anything that don't belong to me. All I want is what I bought and paid for. That is the corner I bought it from the railroad iron. I asked Elmo Young if the old fence was on the line, and he told me the old

fence row was over in the piece of land,'' and on cross-examination, ''Mr. Young did not show me the corners, it is supposed to be ten acres more or less. I paid taxes on twelve acres. I am twenty-five years old. I first got acquainted with that property out there in November, 1943. This old man was on it then and had it fenced. He has a new fence, a wire fence where the old fence was. He put the new fence up back in the spring.''

At the close of all the testimony, appellant asked the court to instruct the jury ''that if they find the plaintiff (appellant) has been in open, notorious and peaceable possession of the land for 40 years, they will find for the plaintiff.'' The court refused to give this instruction, and appellant insists that in so doing the court erred. We think appellant's contention must be sustained.

The undisputed testimony presented by this record shows that appellant was entitled to the land involved by adverse possession for seven years, and in fact more than thirty years thereafter. The instruction requested placed a greater burden upon appellant than the law required of him in that it was only necessary for appellant to show by a preponderance of the testimony that he had had adverse possession of the land for a period of not less than seven years.* A case quite similar on the facts to the present case is that of *Couch* v. *Adams,* 121 Ark. 230, 180 S. W. 498, and there this court held: (Headnote 1) ''appellant will be held to have acquired title by limitation to a portion of a lot of land, when he purchased two lots from his grantor, and taking the boundary lines as given him by his grantor, inclosed with a fence the two lots purchased and a portion of a third, and held possession of the same for the statutory period,'' and in the body of the opinion, it is said: ''We think the undisputed evidence shows that the appellant inclosed the land as his own as soon as he purchased it by putting his fence where he believed the line was and that he claimed and occupied all of the land inclosed as his own for the statutory period. It follows that the court erred in not directing a verdict for the appellant.'' So here

* Note: Pope's Dig., § 8918.

appellant, in 1901, when he purchased the land, inclosed it with a fence where he thought the line was, and has claimed and occupied all the land which he had so fenced, including the strip in question here, for approximately forty years, far beyond the statutory period.

While, as indicated, we think the undisputed testimony would have warranted an instructed verdict in favor of appellant, at the close of all the testimony, it does not appear that any such request was made.

For the error indicated, the judgment is reversed, and the cause remanded for a new trial.