CANEY CREEK LUMBER COMPANY *v.* STEVENS.

4-8404                                                          207 S. W. 2d 731

Opinion delivered January 26, 1948.

*McRae & Tompkins,* for appellant.

*W. F. Denman,* for appellee.

Robins, J. Appellant asks us to reverse judgment of the circuit court, conforming to jury's verdict in favor of appellees against appellant for $240, which was thrice the value of timber cut by appellant on land of appellees.

Appellee, Ella Stevens, is the widow of James Stevens, deceased, and the other appellees are his children and heirs at law. Appellees, as such widow and heirs at law, became owners of the northeast quarter of the northwest quarter of section 26, township 14, south, range 20, west, in Nevada county, on the death of said James Stevens. Appellant owns the timber on the southeast quarter of the northwest quarter of said section, and this tract lies immediately south of the one owned by appellees.

The instant litigation presented a dispute as to the location of the dividing line between the two tracts, appellees insisting that the existing fence (except as to a small "bow" to the south on the east end of the tract) is the line, while appellant asserts that the fence across the entire tract is located 66 feet south of the true line.

The substance of the testimony on behalf of appellees was that the fence in question was built (on the location of an old fence) twenty-two years before the dispute arose, that appellees during all that time had been in the open and adverse possession of the land, claiming to own the land north of the fence, and that appellant was notified of such claim prior to the cutting of the timber. It is undisputed that appellant cut and removed from the disputed strip timber of the value of $80.

Appellant introduced testimony of a surveyor tending to establish that the true line was 66 feet north of appellees' fence.

The lower court gave this instruction at the request of appellees:

"If you find from a preponderance of the evidence that the timber in question was standing on land that had been fenced by the plaintiff for more than seven years, and that said plaintiff for more than seven years had been in the open, notorious, peaceable, continuous, hostile and adverse possession of said land on which such timber was standing, and that they were not holding said strip of land by the permission of the owners of the adjoining lands, but were claiming it against Lester & Haltom and all the world as their own; and you further find from a preponderance of the evidence that the defendant cut said timber under such circumstances, you will find for the plaintiff in the sum of $240."

This instruction was erroneous because it peremptorily required the jury, in event they found the evidence sustained appellees' claim of ownership by limitation, to assess treble damages against appellant.

While the surveyor's testimony showed that the Stevens' fence was 66 feet south of the true boundary, the jury must have found that adverse possession by appellees of the portion of the disputed strip on which the timber was cut had continued long enough to vest title in them. We have frequently held that where a fence is by mistake placed on a line other than the true boundary, adverse possession thereafter for the period of seven years, under a claim of ownership of all land enclosed by the fence, would confer title on the one in possession. *Bayles* v. *Daugherty*, 77 Ark. 201, 91 S. W. 304; *St. Louis Southwestern Railway Company* v. *Mulkey*, 100 Ark. 71, 139 S. W. 643, Ann. Cas. 1913C, 1339; *Couch* v. *Adams*, 121 Ark. 230, 180 S. W. 498; *Etcherson* v. *Hamil*, 131 Ark 87, 198 S. W. 520; *Blackburn* v. *Coffee*, 142 Ark. 426, 218 S. W. 836; *Moir* v. *Bailey*, 146 Ark. 347, 225 S. W. 618; *Cates* v. *Garrett*, 161 Ark. 665, 254 S. W. 835; *Miller* v. *Fitzgerald*, 169 Ark. 376, 275 S. W. 698; *Anderson* v. *Burford*, 209 Ark. 452, 190 S. W. 2d 961. Such, of course, is not the rule where the one in posses-

sion intended to claim title only to the true line. *Wilson v. Hunter,* 59 Ark. 626, 28 S. W. 419, 43 Am. St. Rep. 63; *Shirey v. Whitlow,* 80 Ark. 444, 97 S. W. 444; *O'Neal v. Ross,* 100 Ark. 555, 140 S. W. 743; *Butler v. Hines,* 101 Ark. 409, 142 S. W. 509; *Murdock v. Stillman,* 72 Ark. 498, 82 S. W. 834.

But this survey was sufficient to justify an honest, even though mistaken, belief by appellant that it owned the timber in dispute. Therefore, under our holding in the case of *Sturgis v. Nunn,* 203 Ark. 693, 158 S. W. 2d 673, appellant's act in cutting timber that it had substantial reason to believe was its own was not such as to call for imposition of the penalty by way of treble damages.

Accordingly, the amount of the judgment of the lower court is reduced to $80, and, as so modified, it is affirmed; appellees to recover costs of the lower court and appellant to recover costs of this court.

ED. F. McFADDIN, Justice (dissenting). To reach the conclusion that it has, the majority has necessarily held that there was *no* substantial evidence to support a verdict for treble damages, and that, therefore, the given instruction was erroneous. My study of the case leads me to a different conclusion. Without burdening the record by reciting the facts, I content myself with stating the basis of my dissent:

I think that the judgment should be reversed and the cause remanded for a new trial on two issues: (1) where is the true boundary line; and (2) are the appellees entitled to treble damages. I think there is sufficient evidence to take the case to the jury on both of these questions.

For the reasons stated, I respectfully dissent from the majority holding.