WILLIAMS *v.* RACZKOWSKI.

4-9596                                                  244 S. W. 2d 154

Opinion delivered November 26, 1951.

Rehearing denied January 7, 1952.

*John F. Park,* for appellant.

*Barber, Henry & Thurman,* for appellee.

GRIFFIN SMITH, Chief Justice. Lots 12, 13 and 14, block 6, Casinelli's Addition to North Little Rock, are each 48 x 150-ft. and face east on Willow street. For building convenience strips fifty feet wide extending north and south across the three lots were sold. By this arrangement a lot fifty feet in width facing West Sixteenth street was established, with a depth of 144-ft. south, with Willow street as the eastern boundary.

This corner lot is owned by Mrs. H. L. Williams who purchased the property in October, 1938, and immediately occupied it. In like manner building lots were established west of the corner lot. In 1944 Mrs. Rosie Raczkowski purchased fifty feet adjoining the Williams property. The two proprietors disagreed in respect of the true boundary between their holdings. A fence of long standing, but recently rebuilt, separates the two properties beginning at the rear at point zero and extending approximately two-thirds of their north-south length. The fence varies slightly west of a true line and connects with an east-west fence near Mrs. Williams' garage on land admittedly belonging to Mrs. Raczkowski. From this intersection to West Sixteenth street there are open lawns. The fence-line divergence cuts into the Raczkowski property by gradual encroachment when consideration is given to the true survey. If this line should be projected across the open space to West Sixteenth street Mrs. Williams would gain at the north termination and Mrs. Raczkowski would lose accordingly. The difference

in gain and loss at the fence intersection is eighteen inches.

Mrs. Williams claims the disputed v-shaped strip by adverse possession and has shown that she and her predecessors in title occupied the premises for more than seven years under claim of right. The only doubt in weighing the testimony goes to the question of notice as distinguished from existence of the fence itself, which was built by Mrs. Raczkowski's predecessors, but repaired by her not long before the controversy arose.

Mrs. Williams' hostile claim meets the requirements as to the line intersecting the east-west fence—that is, the line beginning at point zero fifty feet west of the southeast corner of the Williams property and extending north by west to the beginning of an unfenced area where the lawns of the two owners merge. *Caney Creek Lumber Co.* v. *Stevens,* 212 Ark. 759, 207 S. W. 2d 731. But from this fence corner north a distance mentioned in appellant's brief as 54 feet there are no landmarks or monuments unless significance attaches to an iron water meter box not far from the north or front end of the two lots. The box is flush with the ground surface.

There is testimony that Mrs. Raczkowski's two sons kept her lawn grass cut and sometimes mowed Mrs. Williams' yard, but no line of defined character looked upon by either party as a boundary has been shown. Mrs. Williams thought the box was "even with the extended fence". Underground connections from it eastward served her and those extending west accommodated the Raczkowski needs. A blueprint of drawings representing a survey by C. T. Brandt, civil engineer, was introduced, but it does not inject a controversial issue into the suit. The Chancellor accepted it as the basis of a decree awarding Mrs. Raczkowski the middle fifty feet. Mrs. Williams was restrained from interfering with any of the property west of the true dividing line as it existed when the block was platted.

The evidence preponderates in favor of Mrs. Williams' adverse claim covering the small strip extending

to the fence intersection. However, support is lacking for the elements essential to show open, hostile, and adverse conduct regarding that part of the open area from the fence intersection north to West Sixteenth street. With this modification the decree is affirmed.

Mr. Justice SAM ROBINSON disqualified and did not participate.

Mr. Justice HOLT dissents from the order of modification.

Mr. Justice WARD dissents.

WARD, J., dissenting. In my judgment the opinion of the majority, as it relates to the narrow strip of ground east of the fence, cannot be justified. The value involved is inconsequential but the principle is important. For possession to be effective it must be adverse, *i. e.* there must be something to give notice. If land is entirely enclosed by a fence that fact supplies the notice but where there is a partial fence on one side, as here, the notice must be supplied by evidence. There was none here. If the fence had been built by appellant that fact would have supplied the notice but, here, the fence was built by appellee and her predecessors in title.

The fallacy and harshness of the majority holding is demonstrated by a simple illustration. A property owner certainly has the right to build a fence anywhere he wants to on his own property. If he does so however, under the majority holding, he is liable to awaken to the shocking realization that his good friend and unsuspecting neighbor owns part of his property.

I am authorized to state Justice HOLT concurs in this dissent.