NELSON *v.* PARON CONSOLIDATED SCHOOL DIST. No. 17 OF SALINE COUNTY.

5-3663                                                        395 S. W. 2d 337

Opinion delivered November 8, 1965.

L. A. Hardin, for appellant.

*Leslie Evitts,* for appellee.

JIM JOHNSON, Associate Justice. This is a suit in ejectment. Appellants William H. Nelson and Kathleen Marie Nelson, his wife, filed a complaint in Saline Circuit Court on May 11, 1964, against Paron Consolidated School District No. 17 of Saline County. The complaint and its amendment allege in essence that in 1960 Joe R. Wilburn and Jessie, his wife, conveyed to appellants a tract of

land "containing 160 acres, more or less, . . . except six acres to Paron School District No. 17 of Saline County, Arkansas, . . ."; that as a result of a survey on January 18, 1964, appellants determined that appellee school district was claiming an extra one acre of land, and prayed that appellee be ejected from the one acre or, alternatively, that appellants be given judgment for damages against their predecessors in title. After trial on October 14, 1964, the court found for appellee school district. From judgment dismissing their complaint, appellants have prosecuted this appeal.

Appellants raise some interesting points for reversal, but we do not reach the points on appeal for its clear from a careful reading of the record that appellants wholly failed to prove the first requirement in ejectment, *i.e.,* title to the property in dispute.

"One seeking to eject another must bring himself within the rule that, *prima facie,* a legal right to possession of the realty must be shown." *Moss* v. *Chandler,* 209 Ark. 130, 189 S. W. 2d 715. Further, the complaint must describe the premises sought to be recovered. *Flanagan* v. *Ray,* 149 Ark. 411, 232 S. W. 600; 28 C. J. S., Ejectment, § 62. Appellants made no effort to particularly describe the so-called extra one acre in their complaint. The nearest we have to a description of the land in dispute is contained in appellant's testimony (as abstracted by appellants) as follows:

"At the time I bought this tract of land the only knowledge I had that the Paron School District No. 17 owned any land was the six acres described in the deed as having been conveyed to the School District by the Hollands, as was shown in my deed from the Hollands. At the time I bought the land from the Wilburns I did not know whether or not the six acre tract conveyed to the School District was in a square or oblong or what. The deed I got from the Wilburns describes the land as a square. Evidently the School District is claiming more for they have some buildings on it. This particular piece of land in dispute adjoins the front and South part of the Paron School. It is a narrow strip of land taken off the

front of my tract of land and is no longer than it is wide. This particular land that the appellees are claiming is a long strip of land and is not a part of the six acre tract described in the deed.''

This court has previously allowed premises sought to be recovered in ejectment to be described ''with reasonable certainty,'' *Carden* v. *Montgomery,* 171 Ark. 1000, 287 S. W. 183, instead of the great accuracy traditionally required. However, appellants' testimony is not a sufficient description to meet even this relaxed rule. Certainly it is not such description as would enable a sheriff to know what land should be placed in a plaintiff's possession in the event of his recovery. It should also be noted here that, apart from appellants' one statement, there is no showing that the disputed property is not a part of the acreage which admittedly had been deeded to appellee by appellants' predecessor in title long prior to appellants' purchase.

Having reached the same result, although on different grounds, the judgment of the trial court is affirmed.