## SHIREY v. WHITLOW.

### Opinion delivered November 5, 1906.

1. ADVERSE POSSESSION—MISTAKE AS TO BOUNDARIES.—One who takes possession of another's land and occupies it under claim of ownership for the statutory period becomes the owner, though the taking was under a mistake as to the true boundary line; but if his intention is to claim only to the true line, his possession beyond it will not be adverse. (Page 445.)

2. SAME—RECOGNITION OF ANOTHER'S TITLE.—Recognition of the owner's title to land by one in possession thereof will disprove adverse possession on the latter's part, if such recognition is made before the statutory period has run; but such recognition by one who has already acquired title by adverse possession will not revest the title so acquired. (Page 446.)

3. SAME—EFFECT OF RECOGNITION OF ANOTHER'S TITLE.—While recognition of another's title to land by one who has been in possession of such land for more than the statutory period is evidence tending to show that such possession is not adverse, and that no title has vested by

reason thereof, it was error to instruct the jury that the mere fact of such recognition by the terre-tenant entitles the other to judgment for possession.  (Page 446.)

Appeal from Lawrence Circuit Court; *L. B. Poindexter*, Special Judge; reversed.

*J. N. Beakley*, for appellant.

1.  Appellant had the county surveyor to lay off the land he wanted to fence, and has had it fenced, cleared and in cultivation for at least ten years.  59 Ark. 628.  The evidence did not justify the giving of instruction 2.  It does not tend to show that appellant claimed or fenced the land through mistake as to its boundaries, or that he intended to hold only to the true boundary line wherever that might be.  54 Ark. 336; 42 Ark. 58; 16 Ark. 651; 23 Ark. 289; *Ib.* 730; 37 Ark. 593; 74 Ark. 22.

2.  The judgment is void for uncertainty in description of the land.  34 Ark. 589; 60 Ark. 489; 28 Ark. 372; 12 Ark. 422; 14 Ark. 38.

Appellee, *pro se.*

RIDDICK, J.  This is an appeal by A. W. Shirey from a judgment rendered against him in favor of J. M. Whitlow for the recovery of two small tracts of land containing only a few acres. These parties own adjoining tracts of land, and the evidence tends to show that some fifteen or twenty years ago Shirey inclosed these parcels of land with other land owned by him, cleared them and has cultivated them continuously since under the belief that he was the owner thereof.

Whitlow brought this action against Shirey to recover possession of the land.

When a landowner, acting under a mistake as to the true boundary between his land and that of another, takes possession of land of another, believing it to be his own, incloses it, claims title to it and holds possession for the statutory period, he becomes the owner, for such possession and claim of title, though founded on a mistake, would be adverse; but this would not be so if his intention was to claim only to the true line, wherever that may be, for then the possession would not be adverse beyond such line.  *Wilson* v. *Hunter*, 59 Ark. 628; 1 Cyc. 1037, and cases cited.

But, while the presiding judge correctly declared the law on this point, he also told the jury that if "the defendant within seven years before the beginning of this suit in any way recognized that the lines claimed by him were not the correct lines, or recognized that the land of plaintiff was in defendant's field," the jury should find for the plaintiff. Now, this instruction was not only incorrect, but under the evidence in this case it was misleading and prejudicial. For there was evidence tending to show that when, a short time before this action was commenced, the plaintiff informed defendant that he had some of plaintiff's land inclosed with land in defendant's field, the defendant asked him if he claimed the rails, and afterwards offered to buy the land from plaintiff. This offer to purchase was to a certain extent a recognition of plaintiff's claim, but at the time it was made the defendant had already been in possession of the land for over seven years. This continuous possession for the statutory period, if adverse, divested plaintiff and his grantor of the title, and gave it to defendant, and the mere fact that defendant afterwards in conversation with plaintiff recognized the justness of his claim to the land did not divest the title from defendant or estop him from asserting such title. If one before the statutory period has run, and before he has acquired title by adverse possession, acknowledges or recognizes the title of the owner, such recognition will show that his possession is not adverse, and the statute of limitations will not commence to run against the owner until the adverse claimant repudiates the title of the owner. But recognition after the full statutory period has elapsed will not have that effect; for where title by limitation has become vested in the adverse claimant, a mere recognition of some other title does not revest the title acquired by adverse possession. *Bradford* v. *Guthrie,* 4 Brewst. (Pa.), 361.

Such recognition might be evidence tending to show that the possession of the claimant was not adverse, and that no title had in fact vested. But the weight to be given to such recognition would be a question for the jury, and the court could not declare, as a matter of law, that the mere fact that defendant had recognized the title of the defendant entitled plaintiff to a judgment for possession.

While it was proper for the jury to consider this evidence

in determining the nature of the defendant's possession, whether adverse or not, the fact that he had to some extent recognized the title of the defendant after the statutory period had elapsed is not conclusive against him, for, not being a lawyer, he might have done so in ignorance of the fact that adverse possession for over seven years gave him title, or he might have made the offer to purchase, not in recognition of plaintiff's title, but in order to buy his peace and avoid litigation.   For these reasons we are of opinion that the instruction to which we have referred should not have been given. .

The contention of counsel for appellant that there was no evidence that defendant fenced this land by mistake and no evidence on which to base the other instructions given by the court can not be sustained.   The testimony of the defendant himself shows that he fenced this land because he thought he owned it.   But, if the last survey was correct, defendant was mistaken in believing that the land belonged to him.   If he did not take it under a mistake, he took it knowingly, and committed a willful trespass.   The presumption is that he acted in good faith, and fenced the land because he believed that it fell within the boundaries of his land. Taking into consideration the evidence tending to show that he did not at first dispute the right of plaintiff to hold up to the true line, we think there was enough evidence to submit to the jury.   For the error indicated, the judgment will be reversed, and the case remanded for a new trial.   It is so ordered.