2009 Ark. App. 196

**Pearlene FORD, as Trustee of the Pearlene Ford Trust, Appellant,**

v.

**Gary HOWARD, Appellee.**

**No. CA 08–451.**

Court of Appeals of Arkansas.

March 18, 2009.

Clark & Spence, by:  George R. Spence, for appellant.

Harry McDermott, for appellee.

M. MICHAEL KINARD, Judge.

Appellant, Pearlene Ford, as Trustee of the Pearlene Ford Trust, appeals from the trial court's denial of her motion for directed verdict in a jury trial.  Appellant and appellee are mother and son.  In 1985, appellant, who is the record owner of the

property in question, allowed appellee to move onto the property. Appellee was experiencing financial difficulties at the time he moved onto the property. After moving onto the property, appellee made a number of improvements to a residence on the property, including redoing the electrical and plumbing systems in the home, putting in a new central heat and air unit, putting in a new septic system, and putting a new roof onto the residence. Appellee has paid all due property taxes, insurance, and utilities since moving onto the property.

In 1986, appellee began a car lot business on the property, with the business office located in the residence. Prior to starting the business, appellee arranged to have the property re-zoned from agricultural to commercial. The car lot business has been in continuous operation on the property since its inception. Appellee testified at trial that, in order to set up the business, he renovated an existing chicken house on the property. Also in 1986, appellee arranged to have an existing vineyard removed from the property.

In 1988, appellee pastured cattle on the property. Appellee allowed his daughter to place a trailer on the property in 1991. At various times, appellee would allow other people to live on the property. The evidence produced at trial showed that appellant was aware of appellee's activities on the property, and that appellee never denied appellant access to the property.

In 1996, as part of the property settlement agreement pursuant to his divorce, appellee stated that he had no interest in real property of any kind. On January 11, 2005, appellant established a revocable trust and deeded the property from herself as an individual to herself as trustee of the revocable trust. Appellee was aware of appellant's deeding of the property and made no attempt to stop appellant from deeding the property.

In June 2006, appellant filed a complaint in unlawful detainer, seeking to remove a tenant, Gary Rhodes, who had obtained appellee's permission to reside on the property after appellee moved off of the property in December 2005. Appellee filed a motion to intervene in the unlawful detainer action, claiming that he was the owner of the property through adverse possession against appellant. Appellee later amended his motion to include a claim of promissory estoppel against appellant. Appellee's motion to intervene was granted. Prior to trial, Rhodes was dismissed as a party to the action. The matter was tried before a jury. During the trial, appellant moved for directed verdict on appellee's claims of adverse possession and promissory estoppel. The trial court granted appellant's motion for directed verdict as to the promissory estoppel claim, but denied appellant's motion with respect to the claim of adverse possession. The jury found in favor of appellee via a general verdict. This appeal followed.

Our standard of review regarding a denial of a motion for a directed verdict in a case that is submitted to a jury is whether the jury's verdict is supported by substantial evidence. *Crawford Co. v. Jones*, 365 Ark. 585, 589, 232 S.W.3d 433, 437 (2006). Substantial evidence is evidence that is sufficient to compel a conclusion one way or another and goes beyond suspicion and conjecture. *Id.*

At trial, appellant moved for directed verdict on the grounds that appellee failed to prove all of the elements necessary for adverse possession.[1] In order to

---

1. The trial court's granting of appellant's motion for directed verdict with regard to appel-   lee's claim of promissory estoppel was not

prove ownership of land by adverse possession, the party claiming possession must show continuous possession of the property for seven years. *Robertson v. Lees,* 87 Ark.App. 172, 183, 189 S.W.3d 463, 471 (2004). In addition, that possession must be actual, open, notorious, continuous, hostile, exclusive, and accompanied by an intent to hold against the true owner.[2] *Id.* Also, because the use of land by family members is presumed to be permissive, stronger evidence of adverse possession is required in cases involving family. *Id.* at 184, 189 S.W.3d at 471. If the original use and possession of the land is permissive, it cannot become adverse until notice of the hostility of the possessor's holding has been brought home to the owner by actual notice or by a holding so open and notorious as to raise a presumption of notice equivalent to actual notice; the evidence of adverse holding when the original entry is by permission must be very clear. *Rickett v. O'Dell,* 86 Ark.App. 86, 91, 160 S.W.3d 717, 720 (2004).

In this case, it is not disputed that appellee has been in continuous, actual, and open possession of the land since 1985, which is well in excess of the seven years required for adverse possession. Appellant argued in her motion for directed verdict, and argues again on appeal, that appellee's claim to the property must fail because he has failed to demonstrate that his possession was adverse to the interests of appellant. Appellee argues, in turn, that he produced substantial evidence at trial that his possession of the property was adverse to the interests of appellant.

Our supreme court has previously provided guidance as to what actions by a party claiming possession will be sufficient to provide notice of hostile intent in cases involving family members. In *McGuire v. Wallis,* 231 Ark. 506, 330 S.W.2d 714 (1960), the court considered whether one of the parties could have successfully asserted a claim of adverse possession against his siblings. The court held, in an opinion authored by the venerable Justice George Rose Smith, that McGuire could not show adverse possession, and stated that it was not persuaded that his activities on the property, which included putting two barns on the property, drilling a well on the property, and putting in a stock pond on the property would satisfy his burden to show possession hostile to his siblings. 231 Ark. at 509, 330 S.W.2d at 717.

Although appellee relies upon his various activities on the property to support his claim of ownership through adverse possession, his original use of the land was permissive. In order for appellee to be the owner of the property by adverse possession, that use must ripen from permissive to adverse and, as noted above, the evidence of adverse possession must be stronger in cases involving family than is necessary in cases in which the parties are unrelated. Therefore, the question before us becomes whether appellee produced substantial evidence of actions by him on the land occurring at least seven years prior to appellant's unlawful detainer action that would give rise to a presumption of notice by appellant of his adverse possession of the property. We hold that he has not.

Appellee argues that his improvements to the home demonstrate his hostile in-

---

appealed. Therefore, only the claim of adverse possession will be considered on appeal.

**2.** Arkansas Code Annotated section 18–11–106, which was passed in 1995, imposed ad-

ditional requirements in order for adverse possession to be shown. Because appellee is claiming possession since 1985, the requirements in Arkansas Code Annotated section 18–11–106 do not apply in this case.

tent. However, such improvements were not inconsistent with a use that appellant might reasonably have made of the property herself. Appellee also argues that his continuous running of a business on the property demonstrates hostile intent. The record shows that the only change he made to the property in order to set up his business was a remodeling of an existing chicken house in order to turn it into a garage. Except for that remodeling, it appears that appellee could shut down his business and move any vehicles off of the property while leaving the property in substantially the same condition it was in before he started the business. In other words, none of the improvements made by appellee were permanent in nature. Certainly appellee made far less substantial physical changes to the property in this case than the party claiming adverse possession in *McGuire, supra,* did to the property in that case, a case that involved siblings and not a mother and child, as we have here. In addition, not only did appellee not engage in conduct so open and notorious as to raise a presumption of notice equivalent to actual notice, he made no attempt to stop appellant from exercising dominion over the property by deeding it to a trust in 2005, twenty years after he moved onto the property.

We find that there is no substantial evidence of adverse use in the context of a parent-child relationship in this case. Appellant allowed appellee to move onto the property in order to help him financially, and allowed him to operate a business on the property and keep the profits from the business in lieu of providing the support directly herself, as a mother might reasonably feel compelled to do for her child. As long as appellee engaged in uses of the property that were not inconsistent with the genesis of his original permission, appellant voiced no objection. It was not until appellee utilized the property to benefit an unrelated party after moving off of the property himself, that appellee went beyond the scope of his original permissive use. Upon learning of this use by appellee, appellant filed suit well before seven years had passed since appellee began this new, unauthorized use of the property. Accordingly, we find no substantial evidence of adverse possession of the property by appellee and reverse the verdict of the jury.

Reversed.

VAUGHT, C.J., and HART, GLOVER, and HENRY, JJ., agree.

GLADWIN, J., dissents.

ROBERT J. GLADWIN, Judge, dissenting.

I believe there is substantial evidence to support the jury's verdict; therefore, I respectfully dissent. Appellee began living on the land in question in the 1980s. In addition to the facts set out in the majority opinion, appellee testified that he owned the property since 1985 because appellant had given it to him. Other witnesses testified that appellant said in front of them or to them that she had given appellee the property and he could do with it what he wanted.

In determining whether a directed verdict should be granted, we review the evidence in the light most favorable to the party against whom the verdict is sought and give it its highest probative value, taking into account all reasonable inferences deducible from it. *Woodall v. Chuck Dory Auto Sales, Inc.,* 347 Ark. 260, 61 S.W.3d 835 (2001). A motion for a directed verdict should be granted only if there is no substantial evidence to support a jury verdict. *Id.* Where the evidence is such that fair-minded persons might reach different conclusions, then a jury question is

presented and a directed verdict should be reversed. *Id.* It is not our place to try issues of fact; rather we simply review the record for substantial evidence to support the jury's verdict. *Crawford County v. Jones,* 365 Ark. 585, 232 S.W.3d 433 (2006).

In order to prove ownership of land by adverse possession, the party claiming possession must show continuous possession of the property for seven years. *Robertson v. Lees,* 87 Ark.App. 172, 183, 189 S.W.3d 463, 471 (2004). In addition, that possession must be actual, open, notorious, continuous, hostile, exclusive and accompanied by an intent to hold against the true owner. *Id.* Also, because use of land by family members is presumed to be permissive, stronger evidence of adverse possession is required in cases involving family. *Id.* at 184, 189 S.W.3d at 471. If the original use and possession of the land is permissive, it cannot become adverse until notice of the hostility of the possessor's holding has been brought home to the owner by actual notice or by a holding so open and notorious as to raise a presumption of notice equivalent to actual notice; the evidence of an adverse holding when the original entry is by permission must be very clear. *Rickett v. O'Dell,* 86 Ark.App. 86, 91, 160 S.W.3d 717, 720 (2004).

There have been very few adverse-possession cases tried to jurors. In *Lowe v. Cox,* 210 Ark. 169, 194 S.W.2d 892 (1946), an example of an adverse-possession issue tried to a jury, our supreme court discussed the trial court's failure to grant a directed verdict when there was testimony that the possessor's possession was permissive and not adverse. It stated:

> In discussing the recognition of title in another by an offer of purchase made after the running of the statute, this court in *Shirey v. Whitlow,* [80 Ark. 444, 97 S.W. 444 (1906)], said: 'Such recognition might be evidence tending to show that the possession of the claimant was not adverse, and that no title had in fact vested. But the weight to be given to such recognition would be a question for the jury, and the court could not declare as a matter of law that the mere fact that defendant had recognized the title of the defendant entitled plaintiff to a judgment for possession.'

*Id.* at 177, 194 S.W.2d at 896.

In the present case the parties did not abstract the jury instructions, so we should assume that the jury was properly instructed. If so, then whether appellee's actions were so open and notorious as to raise a presumption of notice is a jury question. The jury believed appellee's actions were adequate to give notice of his intent as they found in his favor on a general verdict. Acts such as changing the zoning, collecting and keeping rents, making improvements on the property, paying taxes, insurance, and utilities, allowing people to stay on the property, and running a business on the property are substantial evidence showing an open and notorious holding against the appellant. Further, there was evidence before the jury that appellant acknowledged by her statement to others that the property belonged to appellee. This could easily have been construed by the jury as actual notice of appellee's intent. As it is not our place to try issues of fact, but only to review the record for substantial evidence to support the jury's verdict. I would affirm.